47 CCPA

### Application of William H. FRICK.
### Patent Appeal No. 6517.

United States Court of Customs
and Patent Appeals.
March 8, 1960.

William H. Pattison, Washington, D. C. (William H. Pattison, Jr., Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

SMITH, Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner in finally rejecting appellant's application (serial No. D–33,764) on a design for a Mobile Double Ended Carrier.

The rejection is based on obviousness of the invention in view of the teachings in the following references:

| | | |
|---|---|---|
| Smith | D–149,701 | May 18, 1948 |
| Modern Metals, Vol. 8 | | Issue April 3, 1952, pg. 52, item shown at bottom right of page. |

---

The design in issue, as shown in the application drawing, is for a mobile double ended carrier having a rectangular base mounted on four caster wheels and having its sides formed of tubular frames joined to flat cross members which form the ends of the base. Upwardly extending tubular end frames, having bent end portions which telescope inside the ends of the tubular side portions of the base, are provided at each end of the base.

1. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 U.S.C.

Appellant contends that the decision of the Board of Appeals was in error in holding that his design was unpatentable over the teachings of the prior art and argues that the Patent Office has used his disclosures for the purpose of reconstructing the art of record in finding the design to be unpatentable.

We agree with the appellant that patentability of his design should be determined solely on the basis of the overall appearance produced by the carrier disclosed in his application drawings. However, we do not agree that this appearance patentably distinguishes his design over the carriers shown in the references. The mobile double end carrier design shown in appellant's application does not, in our opinion, differ from the comparable reference structures in a way which as a whole would not have been obvious at the time the alleged invention was made to a person having the ordinary skills of this art.

The Smith reference shows a mobile double ended carrier having a base formed of two horizontal side tubular members on which caster wheels are mounted. A single tubular transverse cross member connects the horizontal side tubular members. At each end the horizontal tubular members are bent to form elongated inverted U-shaped end members which extend upwardly from the base.

The only feature of appellant's design which is not found in the carrier shown in the Smith reference relates to the cross member provided in the base. Appellant provides two flat cross pieces at the bottom of his carrier as distinguished from the single central tubular cross piece shown in Smith. The identical flat cross members are shown in the Modern Metals reference. This construction gives to appellant's carrier an appearance which is not appreciably different than the appearance of the carrier in the Smith reference.

Appellant asserts that neither Smith nor the Modern Metals reference should be considered since each has other elements, such as the tub of Smith or the trays of the Modern Metals reference incorporated into the carriers shown. In this connection we agree with the comment of the Board of Appeals in rejecting the claim that:

"* * * the cart or carrier of each reference is an entity independently of the tub and the trays which, as the examiner properly suggested, may be removed as a matter of choice. * * *"

Each of the references discloses a mobile double ended carrier generally similar to but not identical with appellant's design. This raises the question, therefore, whether, under 35 U.S.C. § 103, it would be obvious to one having the ordinary skills in this art to use the conventional flat cross members, as shown in the Modern Metals reference, at the ends of the parallel bottom members of Smith in place of his central tubular cross bar. The teaching of the Modern Metal reference is that the casters may be "bolted to heavy gauge aluminum channels" to provide the base of the cart which is described in the reference as follows:

"* * * Made almost entirely of aluminum, the Pan-L-Cart consists of a simple frame made of 1″ tubing and mounted on a truck made of four plate-type 5″ diameter casters bolted to heavy gauge aluminum channels. * * *"

Thus, with the Smith teaching of the particular shape and construction of the upright arms and the Modern Metals teaching of the same type of base as appellant uses, it is our opinion that it would be an obvious matter of choice for one having the ordinary skills in this art to select the tubular frame construction of the Smith reference and to fasten it to a wheeled base portion utilizing the channel cross members of the Modern Metals reference.

35 U.S.C. § 171 authorizes the granting of patents for designs subject to the other conditions and requirements of Title 35 U.S.C. A design to be patentable must be a "new, original and

ornamental" design which would not have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains. 35 U.S.C. § 103.

 Considering the direct pertinency of the Smith reference, we agree with the Board of Appeals that it would have been obvious to substitute in this reference the design of the base of the mobile double end carrier shown in the Modern Metals publication.

We, therefore, affirm the decision of the Board of Appeals.

Affirmed.