Application of Paul W. GARBO.
Patent Appeal No. 6657.

United States Court of Customs
and Patent Appeals.
Feb. 21, 1961.

Paul W. Garbo, pro se, Martin T. Fisher, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

[1]. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* Judge *O'CONNELL*, pursuant to provisions of Section 294(d), Title 28 U.S.C.

MARTIN, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office sustaining the examiner's rejection of the single claim of appellant's application for a design patent.

The appealed claim is as follows:

"The ornamental design for a cinematic multiple-place trainer for automotive drivers as shown and described."

The reference relied on is:

"Your Car Magazine, April, 1954, page 43, 'Behind The Wheel Training.'"

The examiner described the claimed design as follows:

"The claimed design is for a driver training arrangement in a narrow enclosure such as a trailer. This arrangement consists of two rows of small simulated cars in a bumper to bumper fashion and having an aisle between them. Each car in a row is at a slightly higher level than the one in front and all the cars are slightly angled away from the walls of the enclosure facing the front where a cinematic screen is located. In the rear is a film projector mounted on a stand."

It is also noted that the specification recites permanent attachment of the projector, screen, and individual trainer units to the trainer body. The screen is wide enough to extend substantially across the space in front of the two rows of cars. The bottom edge of the screen is high enough so that the heads of average seated trainees will not obstruct the projected picture. Each row contains four cars.

The Your Car Magazine reference discloses a photograph of fourteen simulated car training units, of the same single seater type as those disclosed by appellant, arranged in a fan-shaped pattern

in staggered relationship on the same level in a large room. Seated trainees face a screen on which is being projected a driving situation by a projector mounted on a stand behind the cars. Each car is spaced from other cars so that a person may move completely around a car.

The board rejected the claim on the ground that appellant has merely adopted the well-known arrangement of seats in theaters and halls in arranging the training cars of the reference in a narrow enclosure. It was the board's "firm conviction that the bumper-to-bumper arrangement is lacking in design invention because it has a functional and utilitarian aspect that is common and well known * * *." The other aspects of the design which differed from the arrangement shown in Your Car Magazine were also found by the board to be based on functional considerations known to the routine designer of theater and hall seating arrangements.

Appellant urges that the board has broken down his "closely knit design" feature by feature and has analyzed each feature individually for novelty. This, it is suggested, should not have been done because the design as a whole must be compared with something in existence. Moreover, urges appellant, it is immaterial that the subject of a design may embody function if the design is attractive, novel, and inventive.

The solicitor, on the other hand, urges that each of the changes made by appellant in the reference training room would have been obvious to a normally skilled designer, that the known useful functions of the various features of appellant's design are evidence that incorporation of these features into a design would be obvious, and that reliance may not be placed on the utilitarian aspects of the design for patentability.

Before discussing the patentability of appellant's design, it is well to point out that we have not been called upon to decide whether or not the appealed design is new and ornamental, or that it is or is not a design for an article of manufacture or a plurality of articles. The only question is whether this design is obvious and therefore unpatentable.

With reference to design patents, we stated in In re Frick, 275 F.2d 741, 742, 47 CCPA 826, which involved a design for a mobile double ended carrier, that:

"35 U.S.C. 171 authorizes the granting of patents for designs subject to the other conditions and requirements of Title 35, U.S.C. A design to be patentable must be a 'new, original and ornamental' design which would not have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains. 35 U.S.C. 103."

It is our opinion that the design at bar does not fulfill the requirements of the statute as enunciated in the Frick case. This design is nothing more than the obvious result of confining the trainer cars into a limited enclosure in a manner to give the optimum view to each student. This result could have been produced by any one skilled in the art who had the knowledge of the reference and the well known seating arrangement and wide screen concept of theatres.

It is true, as appellant contends, that a patentable design may contain old elements, but in order to be patentable, the finished product must have an unobvious appearance and not be merely the result of an obvious combination of the old elements as we find in this case.

Even though appearance as a whole is the criterion of a design patent, if the objective of the designer, as here, motivates him to take old seating arrangements and adapt them to a specified area thereby bringing about an expected appearance, patentability is not present. If this were not so, every theatre having a seating arrangement and a screen size adapted to its particular dimensions would warrant a design patent.

It is true, as appellant argues, that a design may embody functional features and still be patentable, but in order to

attain this legal status under these circumstances, the design must have an unobvious appearance distinct from that dictated solely by functional considerations. We do not find this situation here.

For the above reasons we *affirm* the decision of the Board of Appeals.

Affirmed.