50 CCPA

**Application of Morris LEVY.**

**Patent Appeal No. 6863.**

United States Court of Customs and Patent Appeals.

Dec. 12, 1962.

Ivan P. Tashof, New York City (Milton Osheroff, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

Appellant appeals from an adverse decision of the Board of Appeals which affirmed the examiner's rejection of the single claim of his application[1] for a design patent for an "Ink Cartridge for Writing Instruments and the Like."

The board, in affirming the examiner's final rejection as "unpatentable over the prior art," relied on the following references:

| | | |
|---|---|---|
| Wichmann | 2,757,639 | Aug. 7, 1956 |
| Liguori | 2,778,336 | Jan. 22, 1957 |
| Munson | 2,800,881 | July 30, 1957 |
| Seyer | 2,813,513 | Nov. 19, 1957 |

The single claim refers to the drawing and claims the ink cartridge "substantially as shown." As shown in the front elevational view of the drawings, the plastic ink cartridge, as indicated by the shadings thereon, is translucent so that visual inspection will reveal the amount of writing fluid therein. The cartridge is also shown as provided with, two opposed side wall projections, the marginal wall portions of which when viewed from the front or rear are seen to be devoid of writing fluid while the body portions thereof contain writing fluid.

The board affirmed the rejection of the appealed claim as covering an invention which was obvious over the Liguori patent in view of the Munson patent. We

[1]. Serial No. D–51,563, filed June 26, 1958.

shall confine our discussion to these two references. The Wichmann and Seyer patents were cited as "cumulative."

The Liguori patent discloses an adapter device including a number of rods of various lengths for permitting the use of standard replaceable ball point cartridges in a variety of conventional ball point pens requiring cartridges of different lengths. As shown in the drawing, the cartridge itself is a slender, cylindrical tube having, at one end, a short cylindrical writing tip of reduced diameter. At a point along the tube to the rear of the writing tip, two relatively small, arcuately-shaped projections extend from opposite sides of the tube. The projections are described in the specification as spring detents formed by crimping the tube. The tube material is not specified.

The Munson patent discloses a ball point pen having a replaceable cartridge which may be formed from a translucent or transparent plastic material through which the ink supply within the cartridge can be seen.

It is appellant's contention that the board erred in ignoring the "esthetic appeal" of the unique design of his ink cartridge which is said to be "distinctly different" from anything shown in the prior art. Appellant particularly points out the unique appearance and color contrast of the arcuate projecting members and the "harmonizing" effect of the inclined opaque portions with the straight portion of the tube.

Despite appellant's contention we think the board was correct. We agree with the board in its statement:

"We find in the Liguori reference a disclosure of an ink cartridge design having an over-all configuration similar to that of the instant design. Liguori does not disclose the material from which the cartridge tube is formed, and consequently we believe it would be obvious to one skilled in the art to form the Liguori cartridge tube of known material. We find in the Munson reference a disclosure of an ink cartridge having a tube formed of 'translucent or transparent plastic material' whereby the ink contained therein may be viewed. It appears to us that a designer having the Liguori and Munson disclosures before him would find therein the suggestion of applying the old Liguori cartridge tube design on translucent or transparent plastic material, as disclosed by Monson whereby the contained ink may be viewed. * * * "

To be patentable under 35 U.S.C. § 171, a design must satisfy the requirements of 35 U.S.C. § 103.

As to the differences which appellant relies upon for patentability, we agree with the board's statement that:

"* * * Although certain minute differences in the configuration of the Liguori tube projections and the instant tube projections may be found when the respective cartridges are closely examined under suitable lighting, these differences are so minor as to have insignificant effects on the over-all configuration and appearance of the cartridge, and it is established that patentability of a design must be based upon the design as viewed as a whole."

■ A design is not patentable when, as here, the differences between it and the prior art are such that the design as a whole would have been obvious at the time it was made to a person having ordinary skill in the art to which the subject matter pertains. In re Frick, 275 F.2d 741, 47 CCPA 824.

■ Since we have no doubt that the claimed design is obvious, the affidavit submitted by appellant purporting to show the commercial success of his ink cartridge is of no moment. In re Jaeger et al., 241 F.2d 723, 44 CCPA 767.

For the foregoing reasons, we *affirm* the decision of the board.

Affirmed.