56 CCPA

Application of Sidney A. DURFEE, Bennie L. Culwell and Raymond C. Barnes.

Patent Appeal No. 8181.

United States Court of Customs and Patent Appeals.

July 17, 1969.

Baldwin, Wight, Diller & Brown, Washington, D. C., for appellants, Donald M. Wight, Washington, D. C., of counsel.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents, S. Wm. Cochran, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, CLARK, Justice (Ret.), NEESE, Judge, sitting by designation, and ALMOND and BALDWIN, Judges.

CLARK, Associate Justice.

This is an appeal from the decision of the Board of Patent Appeals affirming the examiner's rejection under 35 U.S.C. § 103 of the claim of appellants' Design Patent application, serial No. 84,904, filed April 22, 1965 for "Design for Chair."

Appellants' chair design, as depicted in Figs. 1, 4, and 5, is compared below with generally corresponding views of a chair disclosed in a publication cited by the examiner, identified in the record as a copy of "Page 1, of 'Modernline School Furniture' by Norcor, Brochure dated June 4, 1956, Chair No. 250."

APPELLANTS

REFERENCE

As may be seen, appellants' chair includes legs formed by horizontally bending a pair of inverted U-shaped tubular members at their vertices so that the bent portions will fit under and support the seat rest. The backrest support is

an inverted V-shaped tube bent about mid-way along its vertical dimension with the open ends thereof extending beneath the seating panel.

The *Modernline* publication discloses a chair of the same general class as the appellants' chair. The underseat frame structure comprises two inverted U-shaped leg units, one front and one rear, each unit having two leg proper parts and a straight connecting portion extending horizontally transversely under the chair seat.

Also cited by the examiner, as secondary references, were the following U.S. patents:

Des. 182,730    Jakobsen
2,134,639    McGowen

Jakobsen discloses a chair having a reversely similar leg structure of two leg units, one on each side, each leg unit having leg proper parts extending generally vertically but shaped somewhat and extending at their upper ends inwardly by being bent in the shape of or similar to a V so that the bent portions touch at their vertices and fit under and support the seat rest. The back resembles an inverted U peripherally and is ornamented by lacework.

McGowen also discloses a leg structure of two reversely similar leg units, one on each side. Each leg unit has leg proper parts which are extended at their upper ends by a bent horizontal widened reversed V, the vertex of each of which, rather than touching, are spaced widely apart. The back is supported by two separate bars perpendicular to the seat and bending under it parallel to the V-shaped seat support.

The examiner rejected the claims under 35 U.S.C. § 103 on Modernline in view of McGowen and Jakobsen. It was apparently the examiner's position that it would be obvious to one skilled in chair design to modify the upper ends of the legs of the Modernline chair by providing inwardly facing tangentially contacting bights from the teachings of McGowen and Jakobsen and that so

doing would provide a chair having a similar appearance to appellants. The board affirmed the examiner, stating:

> Appellants' chair design, in our estimation, as a whole does not exhibit distinction marking more than what would be obvious to ordinary intelligent men with knowledge of the designs of Modernline, Jakobsen and McGowen. * * *

## OPINION

◼◼ The appellants would fault the examiner because the latter rejected the claim on the basis that it would be obvious to modify the *Modernline* chair by bending the top portions of the legs into U shape bights in the light of the McGowen and Jakobsen patents. Further, appellants say, that in the rejection the examiner was influenced by the irrelevant fact that appellants' underseat frame and leg structure "are obscured in their essential totality when the chair is viewed in its normal upright position." Much is also made of the board placing its affirmance on the obviousness point and ignoring the latter one. We see no need to quibble over such fine quillets. The bending of the seat supports beginning at the top of the legs into horizontal touching U-shaped seat supports is so obvious from the *Modernline* publication as refined by the V shaped support of Jakobsen and the V shaped one of McGowen that it is a distinction without a difference. As was said in In re Levy, 310 F.2d 751, 50 CCPA 803 (1962):

> A design is not patentable when, as here, the differences between it and the prior art are such that the design as a whole would have been obvious at the time it was made to a person having ordinary skill in the art to which the subject matter pertains. * * *
> (310 F.2d at 752, 50 CCPA at 805)

In view of this conclusion we need not pass upon the nonvisibility feature of the chair's understructure when it is in a normal upright position.

Affirmed.