57 CCPA

**Application of Paul K. SCHILLING.**

**Patent Appeal No. 8250.**

United States Court of Customs and Patent Appeals.

Feb. 26, 1970.

Charles O'Connell, St. Paul, Minn., attorney of record, for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents; Raymond E. Martin, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE, Judges, and McMANUS, Chief Judge, Northern District of Iowa, sitting by designation.

ALMOND, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, affirming the rejection of appellant's application [1] for a design patent on a tumbler.

1. Serial No. D85,502 filed May 28, 1965.

**748**

The claim reads: "The ornamental design for a Tumbler, as shown." The drawing shows the following configuration:

*FIG. 2*  [A1202]

Appellant tells us that his tumbler is primarily a plastic receptacle designed as a disposable drinking glass, originally designed for air line use. An important feature, appellant says, is superior stackability.

The references relied on below are:

Harrison 2,982,440 May 2, 1961

*Plastics*, March 1955, page 69, cup in Fig. 3.

Harrison discloses a plastic food container which may be shipped in stacked or nested relation. Prior to placing material in the container for canning, the container bottom is concave upward. At the end of the canning, as the container cools inward pressure results in moving the bottom upward, resulting in an article as shown in Fig. 2 below.

[A1203]

*Plastics* discloses a plastic cup having a handle. The design details are apparent from Fig. 3 of the reference:

Fig. 3. Green motif on melamine cup. Both cups have been "half"-cured.

[A1204]

The examiner rejected the claim as unpatentable over Harrison in view of *Plastics* under 35 U.S.C. § 103. It was his view that it would be obvious to a worker of ordinary skill in the art to form the container body of Harrison "in the shorter height and curved sidewalls configuration suggested by the body of the 'Plastics' cup." Such modification, he thought, would result in an appearance over which the claimed design presented no patentable or unobvious ornamental distinction.

In affirming, the board made the following analysis:

> Both appellant's tumbler and the plastic container disclosed in Harrison, the primary reference, have a relatively large diameter upper end and a substantially smaller diameter lower end. In vertical contour the walls of appellant's tumbler are constantly curved, the major upper portion of the walls being convexly curved and the lower end portion being slightly concavely curved, whereas in Harrison the walls in vertical contour are straight from top to bottom. Both appellant's tumbler and the Harrison container * * * have similarly upwardly domed bottom walls.

> The Plastics publication discloses * * * a plastic cup, which has a relatively large diameter upper end and a substantially smaller lower end. In vertical contour the walls of the cup in the Plastics publication are curved similarly to the walls of appellant's tumbler.

> Our comparison of appellant's tumbler with the container disclosed in the Harrison patent discloses that appellant's tumbler differs in appearance from the Harrison container in the curved contour of the side walls. However, since the Plastics publication discloses a cup with side walls having a curved contour similar to the contour of the side walls of appellant's tumbler, it is our opinion that to provide the container in Harrison with side walls having a curved contour such as disclosed in the cup in the

Plastics publication would involve merely the obvious combination of old design shapes of containers bringing about the expected appearance and, hence, unpatentable over the cited references. In re Garbo, 48 CCPA 845, * * * 287 F.2d 192; 129 USPQ 72 * * *.

Acknowledging that there is similarity "between the structures and the references and the design which has been developed by the applicant" and that the "previous devices could be used for the same" purpose, appellant argues that the previous devices are not of the same design, nor, it is contended, is "the idea of combining a frustoconical container with a rounded bodied cup * * * within the usual province of the designer." Specifically, appellant contends that his tumbler has a convex outer surface which curves but slightly, with a relatively large radius of curvature and a lower portion reversely curved on a shorter radius but with a continuous curve rather than a small radius fillet between the tumbler portions. In the *Plastics* structure, appellant argues, the body of the cup curves inwardly to practically the top of the foot portion of the cup, and the rim extends almost cylindrically to its bottom edge, with a small radius of curvature or fillet connecting the rounded body of the cup to the foot portion. No one looking at the structure and the tapered glass of Harrison, it is alleged, would devise appellant's particular form of outline.

Appellant further contends that the board erred in failing to follow In re Laverne, 356 F.2d 1003, 53 CCPA 1158 (1966). In that case, this court noted the practical difficulty of ascertaining, in the field of design, who under 35 USC § 103 is a "person having ordinary skill in the art." There the court felt that "what we have to do is to determine obviousness to the ordinary intelligent man. The test is inherently a visual test, for the design is nothing more than appearance, and the appearance is that of the article as a whole." The court then found that the claimed design

had a "distinctly different appearance" from the design of the single prior art reference relied upon for a rejection under 35 U.S.C. § 103.

■ We are unable to perceive that the board erred in the manner alleged. The board's decision set forth an analysis in support of the opinion that the design in question is obvious. Nothing thus appears to be contrary to the view expressed in *Laverne*, supra. Nor are we persuaded by appellant's additional allegation of commercial success and considerable argument of functional superiority of his design. As noted by the examiner, no evidence of commercial success has been presented in support of that allegation. Nor does the alleged superior stackability of the tumbler lend patentable weight to the design. In In re Garbo, 287 F.2d 192, 48 CCPA 845 (1961), it is stated:

> * * * [A] design may embody functional features and still be patentable, but in order to attain this legal status * * *, the design must have an unobvious appearance distinct from that dictated solely by functional considerations.

■ Having carefully considered the references and appellant's arguments, we find ourselves in agreement with the board's analysis, supra. Appellant has not presented us with any detailed analysis of the differences between the claimed design and the design of the references that would lead us to conclude that the net result of such differences add up to an appearance "distinctly different" from the appearance of Harrison as modified by *Plastics*. We think that the principle stated in In re Lamb, 286 F.2d 610, 48 CCPA 817 (1961), has application to the situation here presented:

> When considering the patentability of a design it is the appearance as a whole which must be considered, and the mere fact that there are differences over the prior art structures is not alone sufficient to justify a holding that the design is patentable.

The decision of the board is therefore, affirmed.

Affirmed.

Judges BALDWIN and McMANUS concur in the result.

RICH, Acting Chief Judge (dissenting).

The majority decision is, in my opinion, wrong since it *fails to follow* the reasoning of the unanimous opinion in In re Laverne, 356 F.2d 1003, 53 CCPA 1158 (1966), while acknowledging it as a viable precedent.

The references here are not half as good as was the single reference in *Laverne*. The majority opinion makes it perfectly clear by illustrations how far afield the references here are, when applying a test of whether a claimed design *looks like* a prior art design to the ordinary intelligent man, the test we there found appropriate, under 35 U.S.C. § 103, in design cases. Schilling's Fig. 2 compared with Harrison's Fig. 2, both reproduced in the opinion, speak louder than a thousand words. There is no resemblance in overall, design-as-a-whole appearance. Similarly, applicant's tumbler looks no more like the "Plastics" tea or coffee cup than most old-fashioned glasses (in the contemporary beverage sense) look like most coffee cups. They look no more alike than a dachshund looks like a spaniel—though both are dogs and have heads, tails, four feet, fur, and facial features, as well as certain similar lines.

What the examiner here was doing was hindsight redesigning, or new designing, to reconstruct Schilling's design out of elements he could find in prior art objects, after analyzing appellant's design. The board did likewise. If this is a permissible ground of rejection, then we had better forget about trying to make design patents work as an incentive to new design, as the statute intended, and get on with the enactment

of a better law.[1] But while we have the design patent law we should try to make it serve its intended purpose, a purpose Congress has had in mind since it first legislated on designs in 1842.

The *Garbo* case, cited in the board's opinion and by the majority, has no relevance here, as can be seen from the paragraph quoted therefrom by the majority. The opinion went off on *functionality* as well as obviousness. There was nothing "ornamental" about the so-called design in that case, though we found that issue was not before us. It was an *arrangement* of driver training units and a cinema screen and projector in a trailer, a functionally obvious arrangement.

There was no particular need for appellant here to present us with any "detailed analysis of the differences between the claimed design and the design of the references." They are more apparent from mere observation—and much more striking—than were the differences in *Laverne*. The trouble here is that the design has been talked to death. Apparently no one is willing to *contemplate* them. But ornamental designs are entirely a matter of appearance and cannot be verbalized. I fail to see how more verbalization by the appellant could have furthered his cause.

I find here, beyond question, even more clearly than in *Laverne*, the "distinctly different appearance" we there referred to. I agree with *In re Lamb* but find the majority has disregarded the "appearance as a whole which must be considered." The *Lamb* case was distinguished in *Laverne* where it was pointed out the *same design* was involved as was shown in the reference, merely modified. It was a design for a knife handle having finger-grip depressions. The application showed it for a steak knife. The reference was Lamb's own patent on the same generic handle design for a carving knife, which he had

merely scaled down. The case has no relevance as a precedent. The quotation from its opinion is definitely out of context.

See the analysis of *Laverne* in IDEA, Vol. 13, No. 2 (Fall 1969), p. 495.

I would reverse.

ute for design patents shall be deleted, and another form of protection provided."