950 F.2d 730
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald R. JOHANNSEN and Wideview Scope Mount Corp., a/k/a
Pumpkin Kutter Company, Plaintiffs-Appellants,
v.
PAY LESS DRUG STORES NORTHWEST, INC., Defendant-Appellee.
 No. 91-1278.
 United States Court of Appeals, Federal Circuit.
 Nov. 1, 1991.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Donald R. Johannsen and Wideview Scope Mount Corp. (collectively Johannsen) appeal from the July 26, 1989 judgment of the United States District Court for the District of Oregon, Marsh, J., in Civil No. 88-326-MA, holding, inter alia, that Johannsen's U.S. Design Pat. No. 268,639 ('639 patent) was not infringed by Pay Less Drug Stores Northwest, Inc. (Pay Less); that Johannsen's claim of common law trade dress/product configuration infringement was preempted under federal law; and that Pay Less was not liable under a theory of common law "passing off." We affirm.
 
 OPINION
 
 2
 With respect to Count I of Johannsen's complaint, the district court held that Pay Less did not infringe the '639 patent because it did not copy what the court found to be the "only protectable aspect" of Johannsen's pumpkin carving knife; i.e., the ornamental "jack o' lantern" figure on the handle. We see no error in the holding of noninfringement, nor in the underlying finding that the serrated-edge design of the knife blade and the curved shape of the handle were dictated primarily by functional concerns and therefore represent non-protectable subject matter. The district court did not improperly "dissect" the patented design, as Johannsen contends. Instead, the court properly recognized that, while a design patent may issue for a design embodying functional as well as ornamental features, see Lee v. Dayton-Hudson Corp., 838 F.2d 1186, 1188, 5 USPQ2d 1625, 1626 (Fed.Cir.1988) (quoting In re Garbo, 287 F.2d 192, 193-94, 129 USPQ 72, 73 (CCPA 1961)), the protection provided thereby is limited to the ornamental aspects of the claimed design. Id. A device that copies the utilitarian or functional features of a patented design is not an infringement unless the ornamental aspects are also copied. Id. at 1189, 5 USPQ2d at 1627. The district court did not err in finding noninfringement, because the Pay Less cutter omitted a significant portion of the ornamental aspect of Johannsen's patented design.[1]
 
 
 3
 Johannsen also challenges the district court's holding with respect to Count II that because the '639 patent does not protect the functional aspects of Johannsen's design, Johannsen's claim of trade dress or overall product configuration infringement under the common law is preempted by federal law. In referring to "product" we mean the cutter, not its packaging. In support of its holding, the district court cited Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 140 USPQ 524 (1964), for the proposition that state common law cannot prohibit the copying or selling of a product which is not protected by patent or copyright. We agree with Johannsen that, post-Sears, a de jure non-functional trade dress/product configuration possessed of secondary meaning may be protectable under state unfair competition laws. However, the district court concluded that Johannsen's knife design is primarily dictated by functional considerations. Contrary to Johannsen's assumption, it is not this court's function to retry de novo the facts underlying that conclusion.
 
 
 4
 Johannsen next alleges error in the district court's ruling with respect to Counts III, V, and VI that Johannsen's overall product packaging (other than its word mark "Pumpkin Kutter" and associated slogan "an easy and safe way for kids to carve") is not protectable because it (1) is not inherently distinctive, and (2) has not been shown to have acquired a secondary meaning. These findings of fact are amply supported by the record; Johannsen has not shown them to be clearly erroneous.[2]
 
 
 5
 Lastly, Johannsen challenges the district court's denial of its Count IV claim of common law "passing off." Applying Oregon case law, the court held Pay Less not liable based on its finding that Pay Less's advertising at all times featured only pictures of its own product, not of Johannsen's. Johannsen urges that the court erred by not adopting the somewhat broader definition of "passing off" applied in Rolex Watch U.S.A., Inc. v. Dauley, 230 USPQ 617, 619 (N.D.Cal.1986) (defendant's intent to trade on plaintiff's goodwill held evidence of common law "palming off"). The terms "passing off" and "palming off" have been used loosely by courts as a basis for liability in several different situations. See 2 J.T. McCarthy, Trademarks and Unfair Competition § 25:1A (2d ed. 1984). We see no reversible error in the district court's limitation in this case of "passing off" liability to the use of a picture or sample of a competitor's mark (or trade dress) as one's own. See id. at § 25:1D (definition of "implied passing off").
 
 
 6
 In arguing that the district court erred in its disposition of the Count IV "passing off" claim, Johannsen also points to a seemingly inconsistent passage of the district court's opinion. At pp. 25-26 thereof, the district court found that "defendant intentionally adopted a trade dress similar to plaintiffs' in order to 'pass off' their product as the 'Pumpkin Kutter.' " It appears that this latter finding was made in the context of determining likelihood of confusion with respect to what the court held was the only protectable portion of Johannsen's trade dress; i.e., the word mark "Pumpkin Kutter" and the associated slogan "a safe and easy way for kids to carve." Because the district court's rulings as to protectability and infringement of Johannsen's word mark and slogan are not properly before us at this time, we do not consider the passage quoted above in reviewing the court's holding as to Count IV.
 
 
 
 [1]
 We do not reach the issue of validity of the '639 patent. Although Pay Less answered Johanssen's complaint by alleging that the '639 patent was invalid, Pay Less does not assert invalidity in this appeal. Moreover, the district court did not decree the '639 patent invalid in the July 26, 1989 judgment. The issue of validity is therefore not before us
 
 
 [2]
 Under Ninth Circuit law, which controls the unfair competition issues in this case, the question whether a particular trade dress has acquired secondary meaning is one of fact, subject to the clearly erroneous standard of review. See First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1383, 1 USPQ2d 1779, 1782 (9th Cir.1987)