48 CCPA

**Application of Thomas LAMB.**

**Patent Appeal No. 6614.**

United States Court of Customs and Patent Appeals.

Feb. 6, 1961.

Emery, Whittemore, Sandoe & Graham, New York City (Nichol M. Sandoe,

12. Incorporated in this record. See Defendant's exhibit No. 1.

New York City, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. William Cochran and J. F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner rejecting the single claim in appellant's application for a design patent on a handle for cutlery as unpatentable over the prior art.

The appealed claim reads:

"The ornamental design for a handle for cutlery or the like, substantially as shown and described."

The reference relied on is:

Lamb         Des. 173,114
                    September 28, 1954.

Appellant's drawing discloses a slightly curved knife handle which is provided with protuberances and depressions in such a way that it fits the hand and fingers when grasped. It is asserted that the design is intended primarily for use as a handle for a steak knife, and is one of a series or family of designs created by appellant for use as handles for a large number of different cutlery items.

The Lamb patent, a prior design patent belonging to appellant, discloses a slightly curved knife handle having protuberances and depressions conforming substantially to the contour of the handle shown in the appealed application. Appellant asserts that that handle also was designed for and is used on a carving knife, and is a member of the same series of handles as the design of the instant application.

In affirming the examiner's rejection, the board was of the opinion that the designs of the reference and application were essentially the same except that "the instant design presents a somewhat longer and slimmer version of the handle shown in the reference patent." However, the board observed that it is conventional to use relatively slimmer handles with slim blades and that therefore, "it would be expected that a designer skilled in the cutlery art would use a somewhat narrower or slimmer handle with a slim blade."

Appellant urges that the "manner in which the slimming was done involves a patentable invention" and was not a mere scaling down or miniaturization of the patented handle such as would have been suggested to the average designer, and states "that even if it be assumed that it would be obvious for the average or competent designer to leave the length of the handle unchanged * * * it would be completely unobvious for the average or competent designer to vary the other major dimensions to different degrees * * *.

We do not agree with that contention, nor do we agree with appellant's contention that the design of the instant application is "distinctly different" from the design of the reference.

■ When considering the patentability of a design it is the appearance as a whole which must be considered, and the mere fact that there are differences over the prior art structures is not alone sufficient to justify a holding that the design is patentable.

■ In comparing the design of the application with that of the reference it is apparent that there are some minor differences, but clearly not such a variation as to create the impression of a new or different design. The overall appearance is the same, as appears to have been intended, even though the instant design

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* O'Connell, pursuant to provisions of Section 294(d), Title 28 U.S.C.

**612**

is somewhat slimmer than the reference. The fact that some dimensions are changed in a different degree than others is not patentably significant. It is our opinion that the most appellant has done is to modify an already existing design in an obvious manner to harmonize with a smaller blade. We agree with the board that the appealed design is unpatentable over appellant's prior design patent.

The decision is affirmed.

Affirmed.