**In re SUNG NAM CHO.**

No. 86–973.

United States Court of Appeals,
Federal Circuit.

Feb. 2, 1987.

**379**

Conrad J. Clark, Berman, Aisenberg & Platt, Washington, D.C., argued for appellant. With him on the brief was Michael T. Platt.

Lee E. Barrett, Associate Sol., Office of the Solicitor, Arlington, Va., argued for appellee. With him on the brief were Joseph F. Nakamura, Sol. and Fred E. Mckelvey, Deputy Sol.

Before NEWMAN, Circuit Judge, MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.

JACK R. MILLER, Senior Circuit Judge.

This appeal is from a decision of the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences ("board") sustaining the rejection of appellant's application for a design patent on a bottle cap under 35 U.S.C. § 103. We reverse.

*Background*

Appellant filed an application for a design patent on a "crown type" bottle cap having a central cylindrical depression and a generally flat bottom surface in the depression, the bottom surface having a score line that forms a displaceable flap. The ornamental features claimed are best illustrated by the drawings included in the application:

Fig.1

Fig.2

Fig.3

Fig. 4

Fig.5

The examiner rejected Cho's claim as obvious from *Painter* (U.S. Patent No. 625,-055) in view of *Heath* (U.S. Patent No. 756,234) or *Aicher* (U.S. Patent No. 1,617,-783), stating that it would have been obvious to replace the parabolic-shaped depression of figures 1 and 2 of *Painter* with the cylindrical depression disclosed in the "throat type" caps of either *Heath* or *Aicher*. Figures relied upon by the examiner are illustrated below:

Painter          Heath          Aicher

Fig. 1.

Fig. 2.

On appeal, the board concluded that the examiner had misstated the law by "equating that which is within the capabilities of the skilled designer with obviousness." Bd.Op. at 2, citing *Ex parte Gerlach,* 212 USPQ 471 (Bd.App.1980). It nevertheless affirmed the rejection because it independently concluded that the references cited rendered Cho's design obvious.

The board found that *Painter* discloses a centrally-located flap and that both *Heath* and *Aicher* (as well as figures 12 and 13 of *Painter*) disclose centrally-located cylindrical depressions. According to the board, it would have been obvious to place a centrally-located flap at the base of a centrally-located depression to prevent accidental striking of the flap and unintentional opening of the bottle, and the resulting modification "would inherently include whatever aesthetic value is furnished" by Cho's design. The figures relied upon by the board were:

Cho argues that the board's conclusion of obviousness is not supported by the references and that a bottle cap resulting from a combination of the references would not "inherently" disclose whatever aesthetic value is furnished by Cho's cap. He also argues that the board incorrectly relied upon utility considerations to find a suggestion that the references be combined and that the board failed to consider the overall appearance of his design.

## OPINION *

■ The teachings of references can properly be combined in a design patent context if they are so related that the appearance of certain ornamental features in one reference would have suggested application of those features to another. *In re Rosen*, 673 F.2d 388, 213 USPQ 347 (CCPA 1982). The relevant viewer for such suggestion is a designer of ordinary capability who designs articles of the type presented. *In re Nalbandian*, 661 F.2d 1214, 211 USPQ 782 (CCPA 1981).

■ To support a rejection of a design patent application under 35 U.S.C. § 103, the teachings of references must be such as to have suggested the overall appearance of the claimed design. *In re Rosen*, 673 F.2d at 390, 213 USPQ at 349. Thus, if the combined teachings suggest only components of the claimed design but not its overall appearance, a rejection under section 103 is inappropriate. *Id.; Litton Systems, Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1443, 221 USPQ 97, 109 (Fed.Cir. 1984); *see, In re Lamb*, 286 F.2d 610, 48 CCPA 817, 128 USPQ 539 (1961).

The board analyzed Cho's cap as if it were the subject of an application for a utility patent:

[I]t would have been obvious to the designer of ordinary skill in the bottle cap art to place the centrally located flap of Painter at the base of a centrally located depression so as to prevent accidental striking of the flap and unintentional opening of the cap. Under such condi-

tions, we are of the view that the artisan would have been motivated and would have found it obvious to combine the references in such a manner as to obtain the claimed invention.

Bd.Op. at 3. Having stated that it would have been obvious to recess flaps in cylindrical depressions in bottle caps, the board then concluded that such caps would inherently include "whatever aesthetic value is furnished" by Cho's design.

■ Although it may have been obvious, from a utility standpoint, to place cylindrical depressions in crown type caps and to include flaps in the depressions, it does not follow that Cho's design was obvious. The design of every bottle cap having a recessed flap would not necessarily have been obvious because it would have been obvious to construct caps having recessed flaps.

The claimed design is of a crown type cap having a cylindrical depression that occupies a relatively minor area at the center of the cap's surface. On a lower surface within the depression, there is a clearly visible, centrally-located, circular score line coaxial with the rim of the depression and the outer edge of the cap.

The references show relatively wide and deep depressions that form the walls of throat-lodged caps or extremely thin depressions which, in crown type caps, occupy a relatively large portion of the cap's surface. The flaps disclosed in each reference comprise the entire bottom of the depression in which they are located, so that the score lines are not even visible.

Some components of Cho's design can be found in the references, but we are satisfied that the overall appearance of Cho's design is not suggested by the references. Accordingly, the decision of the board sustaining the rejection is *reversed*.

REVERSED.

PAULINE NEWMAN, Circuit Judge, dissenting.

I respectfully dissent.

---

* Whether Cho's design is dictated by functional considerations is not an issue in this appeal. 35 U.S.C. § 144. Neither the examiner nor the board rejected Cho's design under 35 U.S.C. § 171.

A design patent fills a particular niche in the gamut of intellectual property protection. The design must be for an article of manufacture and must be "new, original, and ornamental". 35 U.S.C. § 171. All the provisions of Title 35 pertaining to utility patents apply, 35 U.S.C. § 171, except for a more limited priority right, 35 U.S.C. § 172, and patent term, 35 U.S.C. § 173.

In applying the pertinent law, the PTO and the courts confront the practical difficulty that arises when the design of an article of manufacture is not readily distinguished from the functional features of the article. The Board rejected the claimed design as obvious under 35 U.S.C. § 103, on the basis that functional considerations "motivated" the design:

> In our view, it would have been obvious to the designer of ordinary skill in the bottle cap art to place the centrally located flap of Painter at the base of a centrally located depression so as to prevent accidental striking of the flap and unintentional opening of the cap. Under such conditions, we are of the view that the artisan would have been motivated and would have found it obvious to combine the references in such a manner as to obtain the claimed invention.

Bd. op. at 3. The Board's rejection is based on the statutory requirement that the claimed design must be ornamental. Indeed, as stated in *In re Carletti*, 328 F.2d 1020, 1022, 51 CCPA 1094, 1097, 140 USPQ 653, 654 (1964):

> Many well-constructed articles of manufacture whose configurations are dictated solely by function are pleasing to look upon, for example a hexnut, a ball bearing, a golf club, or a fishing rod, the pleasure depending largely on one's interests. But it has long been settled that when a configuration is the result of functional considerations only, the resulting design is not patentable as an ornamental design for the simple reason that it is not "ornamental"—was not created for the purpose of ornamenting. [citations omitted].

*See also In re Garbo*, 287 F.2d 192, 193–94, 48 CCPA 845, 848, 129 USPQ 72, 73 (1961)("It is true ... that a design may embody functional features and still be patentable, but in order to attain this legal status under these circumstances, the design must have an unobvious appearance distinct from that dictated solely by functional considerations").

A design derives its patentability from the novelty and originality of its ornamental component. Ornamentation may lie in the shape of the article of manufacture, as well as in an arbitrary decoration upon it. *See Gorham Manufacturing Co. v. White*, 81 U.S. (14 Wall.) 511, 525, 20 L.Ed. 731 (1872). A pleasing shape may serve the function of the article as well as a less pleasing one, and also serve the purpose of the design statute:

> It is not reasonable to presume that Congress, in basing a patent right upon the ornamentation or beauty of a tool or mechanical device, intended that such beauty and ornamentation should be limited to such as is found in paintings, sculpture, and artistic objects, and which excites the aesthetic sense of artists alone.

*In re Koehring*, 37 F.2d 421, 422, 4 USPQ 169, 170 (CCPA 1930). Thus the design of a utilitarian article must be ornamental to meet the statutory requirements, and as a minimum the appearance—the design—must not be dictated solely by the function. *In re Carletti*, 328 F.2d at 1022, 51 CCPA at 1097, 140 USPQ at 654; *Hygienic Specialties Co. v. H.G. Salzman, Inc.*, 302 F.2d 614, 618, 133 USPQ 96, 100 (2d Cir. 1962).

In the case before us, the combination of the recess and the flapped opening was not asserted by the appellant to have been made for aesthetic purposes or to have any aesthetic qualities. Rather, appellant argues that since there is no aesthetic reason to make the combination, the combination is unobvious for design patent purposes. This reasoning could apply if the design itself were decorative, but here the design is prima facie utilitarian. The majority does not hold otherwise.

There is no error in the Board's consideration of illustrations from utility patents

showing the appearance of bottle caps, as the basis for its prima facie case of obviousness. *See Litton Systems, Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1441, 221 USPQ 97, 108 (Fed.Cir.1984).

A design patent is not a substitute for a utility patent. When the only distinctiveness of the claimed design is in its functional features, and ornamentation is not asserted or shown, the design does not meet the statutory requirements. The PTO has presented a prima facie case that the design of the claimed bottle cap, viewed as a whole, would have been obvious, based on the shape of the functional features shown in the cited references. *See In re Nalbandian*, 661 F.2d 1214, 1217–18, 211 USPQ 782, 785–86 (CCPA 1981). Appellant has failed to rebut the prima facie case. I would affirm the decision of the Board.