5 F.3d 1505
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 MONOFLO INTERNATIONAL, INC., and Weland Medical AB,
Plaintiffs-Appellants,
v.
LARAND INTERNATIONAL, INC., Defendant/Cross-Appellant.
 Nos. 92-1487, 92-1494.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1993.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Monoflo International, Inc. and Weland Medical AB (collectively Monoflo) appeal the July 6, 1992 judgment of the United States District Court for the Eastern District of Virginia, No. 91-1918-A (Bryan, J.), holding United States Design Patent No. 299,008 ('008 patent)[1] invalid under 35 U.S.C. Secs. 102 and 103, and accordingly granting a directed verdict in favor of Larand International, Inc. (Larand). Larand cross appeals the district court's subsequent July 31, 1992 judgment holding that this is not an "exceptional" case justifying an award of attorney fees pursuant to 35 U.S.C. Sec. 285. For the reasons set forth below, we affirm both judgments.
 
 DISCUSSION
 A. Validity Issue
 
 2
 As part of its July 6 judgment, the district court held the '008 patent, claiming a design for a bag clip, invalid under 35 U.S.C. Sec. 103 as being obvious in view of a bag clip (Weland clip) shown in an advertisement published in Sweden more than one year prior to the filing date of the application which led to the '008 patent. Obviousness is a question of law which this court reviews de novo. In re Klein, 987 F.2 1569, 1570, 26 USPQ2d 1133, 1134 (Fed.Cir.1993) (design patent case). Having reviewed the record before us and having compared the designs at issue, we conclude that the district court's obviousness holding was correct. The district court therefore committed no error in directing a verdict in Larand's favor pursuant to Fed.R.Civ.P. 50(a). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 255 (1986); Newell Cos., Inc. v. Kenney Mfg. Co., 864 F.2d 757, 762-63, 9 USPQ2d 1417, 1421-22 (Fed.Cir.), cert. den., 493 U.S. 814 (1989); A. Stucki Co. v. Worthington Indus., 849 F.2d 593, 595-96, 7 USPQ2d 1066, 1067-68 (Fed.Cir.1988).
 
 
 3
 The claimed clip and the Weland clip are virtually identical in design except for the following differences: (1) the claimed clip does not have the ridges that the Weland clip has on the ends of its upper and lower portions; (2) the claimed clip does not have the vertical and horizontal ribs that extend along the upper portion of the Weland clip; and (3) the claimed clip has an aperture in the outer half of the latch component of the clip. Dr. Naslund, the patentee, testified that he derived the design for the claimed clip by modifying the Weland clip. The first two differences are the result of Dr. Naslund simply omitting the ridges and the ribs found on the Weland clip. We find the mere omission of these particular features to be obvious modifications of Weland's existing design within the meaning of section 103. As to the third difference, it would have been obvious, from a functional standpoint, to employ an aperture in the outer half of the latch component of the Weland clip so that a user of that clip could view the inner half of the latch in operation from other than a side view.
 
 
 4
 For the foregoing reasons, we hold that the modifications which Dr. Naslund made to the Weland clip to obtain the claimed clip would have been obvious at the time his patent application was filed. Thus, we see no error in the district court's conclusion that these modifications do not result in a clip whose appearance, as a whole, is patentably distinct from the Weland clip. See Petersen Mfg. Co. v. Central Purchasing, Inc., 740 F.2d 1541, 1548, 222 USPQ 562, 567 (Fed.Cir.1984) (In determining the obviousness of a claimed design, it is the appearance of the design as a whole that must be considered.); See also In re Lamb, 286 F.2d 610, 611, 128 USPQ 539, 539 (CCPA 1961).
 
 
 5
 Notwithstanding the above, there are also several admissions against interest of record further supporting the district court's invalidity holding. For example, Monoflo's amended complaint states that the "products sold by Weland under [the '008 patent] have been marked 'patented'," and Monoflo stipulated at trial that the products to which the complaint refers include the Weland clip. Monoflo also identified the Weland clip as being a product "sold under" the '008 patent in its original response to Larand's seventeenth interrogatory. Finally, the licensing agreement between Monoflo and Weland explicitly states that the Weland clip is "covered" by the '008 patent.
 
 
 6
 These statements evidence that Monoflo itself believed, up until this suit got under way, that the appearance of the Weland clip was, as a whole, substantially the same as that of the claimed clip, and, as a result, that the Weland clip fell within the scope of the '008 patent claim. It was not until Monoflo learned that the Swedish advertisement rendered the Weland clip prior art to the claimed clip that Monoflo made an about face and attempted to distinguish the claimed clip from the Weland clip. Monoflo argues that these statements regarding patent coverage should not work as estoppels precluding Monoflo from introducing testimonial evidence that these statements were in error. We agree, and we have not granted these statements any preclusive effect. However, we do find them to be admissions against interest serving as very persuasive evidence that the appearance of the claimed clip is, as a whole, substantially the same as that of the Weland clip, and thus supporting a holding that it would have been obvious to modify the Weland clip in the manner that Dr. Naslund did to obtain the claimed clip. Under the circumstances of this case, we find the trial testimony upon which Monoflo relies to distinguish the two clips to be less persuasive than Monoflo's own admissions to the contrary.
 
 
 7
 Finally, Monoflo argues that it amended its original response to Larand's seventeenth interrogatory to eliminate the statements therein relied upon as admissions against interest, and therefore those statements in the original response are of no probative value and should be disregarded. We disagree. Monoflo's amendments do not negate the probative value of the original answers as evidence of Monoflo's beliefs and position regarding patent coverage at the commencement of this suit. Furthermore, as noted previously, Monoflo did not make these amendments until one day before trial, and only after Monoflo discovered that the Weland clip was prior art to the '008 patent.
 
 B. "Exceptional" Case
 
 8
 Larand cross-appeals the district court's holding that this is not an "exceptional" case warranting an award of attorney fees. In its July 31 judgment, the court found that Dr. Naslund's failure to disclose the existence of the Weland clip to the PTO was based on a good faith belief that it was not material prior art, and that Monoflo had an arguable, non-frivolous basis to press its infringement action. Larand has failed to persuade us that the district court engaged in any clearly erroneous fact finding or in any misapplication of the law in reaching these conclusions, see Beckman Instrs., Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551, 13 USPQ2d 1301, 1304 (Fed.Cir.1989), and therefore we affirm the district court's judgment denying "exceptional case" status.
 
 
 
 [1]
 Weland is the owner of the '008 patent, and Monoflo is an exclusive licensee. In 1991, Monoflo brought the present infringement suit against Larand for the sale of a bag clip known as the "Linden clip." Monoflo later joined Weland as a co-plaintiff