**In re Reid HARVEY.**

**Nos. 92–1564, 93–1064.**

United States Court of Appeals, Federal Circuit.

Dec. 7, 1993.

Thomas J. Scott, Jr., Howrey & Simon, Washington, DC, argued, for appellant.

Murriel E. Crawford, Associate Sol., Office of the Sol., Arlington, VA, argued, for appellee. With her on the brief was Fred E. McKelvey, Sol. Of counsel were, Richard E. Schafer, Lee E. Barrett and Albin F. Drost, Office of the Sol.

Before NEWMAN, MICHEL and SCHALL, Circuit Judges.

MICHEL, Circuit Judge.

Reid Harvey appeals from decisions of the Board of Patent Appeals and Interferences (Board) of the Patent and Trademark Office (PTO), which affirmed final rejections of Harvey's design patent applications, Serial Nos. 07/172,904 ('904) and 07/172,906 ('906). The ornamental designs for vases of the '904 and '906 applications were held obvious under 35 U.S.C. § 103 (1988). Because we conclude that the Board misapplied the obviousness standard to the application designs, misconstrued the combined teachings and combinability of the prior art references, and clearly erred in finding substantially identical visual appearance between the claimed designs and the prior art designs, we reverse.

## BACKGROUND

The '904 and '906 applications each disclose a vase formed by the intersection of two geometric solids. The '904 application depicts a vase formed by the intersection of an "oblate ellipsoid with a pentagonal cylinder." See Exhibit A attached. The examiner rejected this design application as representing an obvious modification of a prior art vase by Harvey himself in view of a secondary reference to a bowl design, designated "shape 1982" in the publication "The Glass of Fredrick Carder," copyrighted by P.V. Gardner in 1971 (Carder publication).

The Harvey prior art vase has a shape formed by the intersection of a sphere with a cube (see Exhibit B attached), and the Carder shape 1982 bowl has a shape which when rotated about its central axis forms an oblate ellipsoid (see Exhibit C attached, which shows a cross-section of the vase). Although the examiner conceded that the combined references did not disclose the exact shape of the claimed design, she contended that the

claimed design differed from the references only in the specific pair of geometric solids used (i.e., ellipsoid versus sphere and pentagonal cylinder versus cube). According to the examiner, the substitution of one common geometric solid for another would have been per se obvious to one of ordinary skill in the vase design art. She cited In re Hopkins, 34 F.2d 1016, 3 USPQ 112 (CCPA 1929), in which the Court of Customs and Patent Appeals (CCPA) upheld the Board's affirmance of the examiner's rejection of a design patent covering a loud speaker having a circular outline when the prior art contained a design patent for a loud speaker having an octagonal outline. The court reasoned that the change in design of one aspect, from octagonal to round, was not "inventive in character." Id., 34 F.2d at 1016, 3 USPQ at 112.

The '906 application depicts a vase formed by intersecting an "egg-shaped revolved hyperboloid with a truncated pyramid (also referred to as a square frustrum)." See Exhibit D attached. The examiner rejected this design as an obvious modification of the same prior art Harvey vase in view of "shape 2794," a vase, in the Carder publication. See, respectively, Exhibits B and E attached. As regarding the '904 application, the examiner conceded that the combined references did not disclose the exact shape of the claimed design. Nevertheless, the examiner found that the Carder shape 2794 was substantially identical to the shape of the '906 design, except for the upper lip, and that a truncated pyramid was an obvious variation of a cube.

Both rejections were affirmed by the Board. The Board held that the prior art Harvey vase qualified as a "basic design" because it could be analyzed as an intersection of two solids, one a rotational solid and the other a cubical solid. Respecting the '904 application, the Board also found that the substitution of one rotational solid (an ellipsoid) for another (a sphere) was a routine matter in the vase or container art, and that changing a sphere to an ellipsoid involved merely a change of scale on a single axis. The Board further found that the "visual impact of the difference between a 'pentagonal cylinder' and a cubical structure is

minimal." *Ex parte Reid Harvey,* Appeal No. 92–2395, slip op. at 4 (Aug. 5, 1992). Respecting the '906 application, the Board likewise found that substitution of the Carder shape 2794 for the sphere was within the skill of the art and that a square frustrum or truncated pyramid had an essentially identical visual appearance to a cubical structure. With respect to the fact that the '906 design has no upper lip while the prior art Carder 2794 vase does, the Board stated that this difference was insignificant because "the utilization of [said] lip at the top of a vase, or its omission, represents an obvious variation well-known to designers of vases." *Ex parte Reid Harvey,* Appeal No. 92–2394, slip op. at 4 (Aug. 5, 1992).

Although Harvey argued that numerous and extensive other changes would have to be made to the pair of designs in the cited prior art references in order to achieve each claimed design, the Board found that the differences involved only minute details, which did not significantly impact the overall appearance of the design. In support of its position, the Board cited *In re Rosen,* 673 F.2d 388, 390, 213 USPQ 347, 349 (CCPA 1982), in which the CCPA held that the overall appearance must be taken into consideration in determining patentability of a design.

## ISSUES

The issues confronting us are (1) whether the Board misapplied the standard of obviousness to these ornamental designs, (2) whether, even if it properly applied the standard, the Board nevertheless erred in holding the designs of the '904 and '906 applications obvious in light of the prior art Harvey vase and the respective Carder references, and (3) whether the Board's underlying factual findings that differences between the prior art designs and each claimed design were minimal were clearly erroneous.

## STANDARD OF REVIEW

Obviousness is a question of law which we review *de novo. Gardner v. TEC Sys., Inc.,* 725 F.2d 1338, 1344, 220 USPQ 777, 782 (Fed.Cir.), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 60 (1984) ("A conclu-sion on obviousness is one of law and subject to full and independent review in this court.").

## ANALYSIS

### I. *Obviousness Standard Misapplied to the Designs*

■ In ornamental design cases, a proper obviousness rejection based on a combination of references requires that the visual ornamental features (design characteristics) of the claimed design appear in the prior art in a manner which suggests such features as used in the claimed design. *In re Sung Nam Cho,* 813 F.2d 378, 382, 1 USPQ2d 1662, 1663 (Fed.Cir.1987); *In re Carlson,* 983 F.2d 1032, 1038, 25 USPQ2d 1207, 1212 (Fed.Cir.1992) (citing *In re Sung Nam Cho* ). If, however, the combined teachings suggest only components of a claimed design, but not its overall appearance, an obviousness rejection is inappropriate. *In re Sung Nam Cho,* 813 F.2d at 382, 1 USPQ2d at 1663; *In re Carlson,* 983 F.2d at 1038, 25 USPQ2d at 1212.

As the Board recognized, a primary reference (basic design) must be cited having design characteristics which are "basically the same" as the claimed design. *In re Rosen,* 673 F.2d at 391, 213 USPQ at 349. The designs of other references may then properly be relied upon for modification of such *basic design* when the references are "so related that the appearance of certain ornamental features in one ... would have suggested application of those features to another." *In re Sung Nam Cho,* 813 F.2d at 382, 1 USPQ2d at 1663. Here, contrary to the Board's conclusion, the Harvey prior art vase is not "basically the same" as the claimed designs. Because major modifications would be required to make Harvey's prior art vase look like the claimed designs, it cannot qualify as a basic design.

On appeal, Harvey argues that the Board did not correctly apply the standard of obviousness because the Board improperly analyzed Harvey's prior art vase as a "design concept" rather than the disclosure of specific design characteristics, and that this error of law led to an improper conclusion of obvi-

ousness. Harvey conceded that all three prior art designs originate from the same basic design concept, namely the formation of a vase or bowl by the intersection of two solids—a rotational solid with a cubical solid. However, according to Harvey, there was no suggestion to combine the prior art references. *See* discussion in section II *infra.*

■ Like the examiner, the Board improperly mixed principles of obviousness for utility patents with those for ornamental design patents. Unlike an invention in a utility patent, a patented ornamental design has no use other than its visual appearance, *In re Glavas,* 230 F.2d 447, 450, 109 USPQ 50, 52 (CCPA 1956), and its scope is "limited to what is shown in the application drawings," *In re Mann,* 861 F.2d 1581, 1582, 8 USPQ2d 2030, 2031 (Fed.Cir.1988). Therefore, in considering prior art references for purposes of determining patentability of ornamental designs, the focus must be on appearances and not uses. *In re Glavas,* 230 F.2d at 450, 109 USPQ at 52. Extending the rule in *In re Glavas* and *In re Mann* one step further, we hold that the Board should have focused on actual appearances, rather than "design concepts." Accordingly, we hold that the Board erred in misapplying the obviousness standard because it admittedly relied upon the prior art Harvey vase as a "design concept" rather than for its specific design characteristics. Design patent references must be viewed in the latter fashion. Nor can we say that resort to such an analysis was harmless error. Rather, viewing the principal prior art reference as a design concept produced a type of post-hoc rationalization of the claimed designs that is improper.

Furthermore, the facts in *In re Hopkins,* cited by the examiner, are distinguishable from those present here. First, the field of loud speaker design is much less crowded than that of ornamental vase design. Thus, the fact that a design patent for an octagonal outline loud speaker precludes issuance of a design patent for a circular outline loud speaker does not necessarily imply that a prior art vase formed by the intersection of a sphere and a cube precludes the later issuance of a patent for a vase design formed by the intersection of an egg-shaped hyper-

boloid with a truncated pyramid or an oblate ellipsoid with a pentagonal cylinder. Second, *In re Hopkins* involves the substitution of a single, simple, two-dimensional, geometric shape (an octagon) for another (a circle), whereas the present case involves the replacement of two, more complicated, three-dimensional figures (a sphere and a cube) with two highly complicated solids (an egg-shaped hyperboloid and a truncated pyramid or an oblate ellipsoid and a pentagonal cylinder). Third, the court in *In re Hopkins* did not purport to extend its holding beyond the facts before it, and neither should this court. Fourth, this 1929 opinion, which predates the 1952 Act and talks of a concept ("inventive in character") now irrelevant, is at best, a weak, old and questionable precedent.

Because the Board erroneously applied the standard of obviousness test, and because *Hopkins* can be readily distinguished on the facts, reversal is appropriate.

## II.  *Erroneous Conclusion of Obviousness Based on Evidence Misconstrued*

Even if, however, the Board had correctly applied the standard of obviousness, its conclusion of obviousness would still be erroneous because the Board misconstrued the combined teachings and combinability of the prior art, and improperly compared the visual impressions of selected features, rather than the visual impression of the work as a whole.

First, the Board misfound the combined suggestions of the prior art, reading far more into it than warranted. As a result of over-inflating the reference value of the prior art, the Board necessarily, although only impliedly, concluded that any rotational solid intersected with any linear solid would be obvious, at least if a picture of each geometric solid could be found in the prior art, and perhaps even if not. Clearly, such a conclusion would be inconsistent with our case law on design patents.

■ Second, the Board erred in its determination of obviousness because there was no suggestion in the prior art to combine the references and their visual ornamental features (design characteristics). The CCPA

held in *In re Glavas,* 230 F.2d at 451, 109 USPQ at 53, that the Board erroneously rejected an application for a design patent where the component features of the claimed design were all found in the prior art, but there was no suggestion in the prior art to combine the components. Thus, even assuming that all the design characteristics of Harvey's claimed designs were found in the respective pairs of prior art references (which they were not), the references and their design characteristics have not been shown to be combinable.

If we adopted the logic of the Board and concluded that the substitution of the Carder shapes for those in the Harvey prior art vase would render the '904 and '906 design applications obvious just because the Carder shapes were well-known and frequently used in vase designs, each and every prior art bowl or vase shape ever publicly disclosed would render obvious any. generally similar vase shape. Clearly, this cannot be the case.

■ Third, the Board erred in its determination of obviousness because it improperly compared the visual impressions of selected, separate features of the prior art designs to the '904 and '906 designs, rather than the visual impression of the designs as a whole. In *In re Rosen,* 673 F.2d at 390, 213 USPQ at 349, as the Board acknowledged, the CCPA held that "[i]n determining the patentability of a design, it is the overall appearance, the *visual effect as a whole* of the design, which must be taken into consideration." (Emphasis added). Similarly, in *In re Jennings,* 182 F.2d 207, 208, 86 USPQ 68, 70 (CCPA 1950), the same court held that

> [i]n considering patentability of a proposed design the appearance of the *design must be viewed as a whole,* as shown by the drawing, or drawings, and compared with something in existence—*not with* something that might be brought into existence by *selecting individual features* from prior art and combining them, particularly

where combining them would require modification of every individual feature, * * *. (Emphasis added).

Applying the foregoing principles, we held in *Petersen Manufacturing Co. v. Central Purchasing, Inc.,* 740 F.2d 1541, 1548–49, 222 USPQ 562, 567–68 (Fed.Cir.1984), that the district court erred in considering the appearance only of the jaw-portion of a wrench rather than the entire wrench, including jaw and handle portions, in its determination of design patent obviousness. Accordingly, as in *Petersen,* here we must conclude that the Board, despite its citation to *In re Rosen,* ignored that court's holding, and thus erred in comparing the visual impressions of separate features in the '904 and '906 application designs with the prior art designs rather than viewing "the visual effect as a whole" of the application designs.

### III.  *Clearly Erroneous Findings of Fact*

■ Even if there were a suggestion to combine, it would still be necessary to make several significant changes in the cited prior art designs in order to achieve each of the claimed designs. In the case of the '904 application, such material modifications include: (1) creating discontinuities at the top and bottom of the Carder 1982 shape to create an ellipsoid element and to provide for a top and bottom (the top of the claimed vase is not flat like the 1982 shape), and (2) changing the cube of the prior Harvey vase to a pentagonal cylinder. Similarly, in the case of the '906 application, it would be necessary to: (1) eliminate the lip from the Carder 2794 vase, (2) change the shape of the 2794 vase by making it more egg-shaped rather than ginger-jar-shaped, and (3) change the cube of the prior Harvey vase to a truncated pyramid.

The court in *In re Carter,* 673 F.2d 1378, 1380, 213 USPQ 625, 626 (CCPA 1982), implied that if prior art designs are to be modified in more than one respect to render a claimed design obvious, then those modifications must be *"de minimis"* in nature and unrelated to the overall aesthetic appearance of the design.[1]  *See also In re Jennings,* discussed above.

---

1. Although the Board did not actually cite *In re Carter* in its opinions, it did use the phrase *"de minimis"* in one of its opinions.

Such was not the case with the Harvey prior art design patent and the Carder references. It cannot fairly be said, as the Board did, that the differences between the pair of prior art references and each claimed design are "minimal," or "so minor that they have an insignificant impact on the overall visual impression." ·The ellipsoid of the '904 design does not look like a sphere as in the prior art Harvey vase, nor like a flattened ellipse as in the Carder 1982 reference. The egg-shaped cylinder of the '906 design does not resemble the modified ginger jar with a lip as in the Carder 2794 reference, nor does the pentagonal cylinder of the '904 design resemble a cube. Accordingly, we must conclude that the Board's findings that the differences between the prior art and Harvey's applications were minimal, the necessary modifications *de minimis,* and the impact on overall visual impression minor, were all clearly erroneous.

## IV: *Factually Analogous Precedents*

Finally, our conclusion of nonobviousness in design patent cases finds support in our precedents. In several cases with facts similar to those present here, we held that the prior art did not render the claimed design obvious. For example, in *Litton Systems, Inc. v. Whirlpool Corp.,* 728 F.2d 1423, 1443, 221 USPQ 97, 109 (Fed.Cir.1984), we held that the use of a three-stripe border, a door without a handle, and a latch release lever mounted on the control panel did not render a microwave oven design obvious when the basic prior art references depicted microwave ovens with handles on the door, without a striped border. Similarly, in *In re Sung Nam Cho,* we held that the overall appearance of a design for a crown-type bottle cap having a small, cylindrical depression at the center of the cap's surface did not support rejection for obviousness even though the prior art reference showed a crown-cap with

a relatively large cylindrical depression at the cap's center. 813 F.2d at 382, 1 USPQ2d at 1664. Also, in *Pacific Furniture Manufacturing Co. v. Preview Furniture Corp.,* 800 F.2d 1111, 1113, 231 USPQ 67, 68 (Fed. Cir.1986), we held that the claimed design for an upholstered armchair was not obvious in light of the prior art because, unlike the prior art chairs, the claimed design had: (1) distinctive sewn seams, (2) overhangs at the top of the back of the chair, (3) an overhang extending outwardly from the top of the arm chair, and (4) a unique combination of pleats which appear on the arm, the back and the seat cushion.

## SUMMARY AND CONCLUSION

First, the Board erroneously applied the obviousness standard to the ornamental designs at issue by relying upon the prior art Harvey vase as a design concept rather than as the disclosure of certain visual ornamental features. We, therefore, reverse on this basis. Second, even if the Board had correctly applied the standard of obviousness, reversal would still be necessary because there was no suggestion to combine the prior art visual ornamental features as Harvey did. Moreover, the prior art references required numerous material changes in order to achieve each claimed design, and none of these modifications were suggested in the prior art designs. Also, the modifications made in creating each claimed design resulted in it having a different overall visual impression. Third, the Board's factual findings that the visual differences between the prior art designs and the claimed designs are minimal, *de minimis* or minor were clearly erroneous. Accordingly, we reverse for these reasons as well.

REVERSED.

Exhibit A
'904 Harvey Application

FIG. 1

FIG. 2

FIG. 4

FIG. 3

FIG. 5

Exhibit B
Prior Art Harvey Design

Exhibit C
Carder 1982 Design (cross section)

Exhibit D
'906 Harvey Application

FIG. 1