NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1163,-1164

JORE CORPORATION,

Plaintiff-Cross Appellant,

v.

KOUVATO, INC.,

Defendant/Third Party Plaintiff-
Appellant,

v.

HOME DEPOT U.S.A., INC., THE STANLEY WORKS LIMITED,
THE STANLEY WORKS, STANLEY LOGISTICS, INC.,
and OLD JORE CORPORATION,

Third Party Defendants-
Appellees.
_____

DECIDED:  January 7, 2005
_____

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

BRYSON, Circuit Judge.

Appellant Kouvato, Inc., is the assignee of a design patent on a drill bit, U.S. Design Patent No. 419,575 ("the '575 patent").  Kouvato filed an action alleging infringement of the '575 patent by The Stanley Works Ltd.; The Stanley Works; Stanley

Works Logistics, Inc. (collectively, "the Stanley defendants"); Home Depot, U.S.A., Inc.; and a company named, at that time, Jore Corporation ("Old Jore"). Old Jore filed a separate action against Kouvato seeking a declaratory judgment that the '575 patent was invalid and unenforceable, and that Old Jore did not infringe the patent. Old Jore subsequently filed for bankruptcy, and its assets and name were bought by the newly organized company, Jore Corporation ("Jore"). The new Jore Corporation was then joined as a plaintiff and counterclaim defendant. The cases were consolidated in the United States District Court for the District of Montana, CV 01-181-M-DWM.

The district court subsequently granted summary judgment of non-infringement for the Stanley defendants. The remainder of the case went to trial before a jury. Following the trial, the jury found that the '575 patent was valid and enforceable but not infringed. Jore and Home Depot moved for judgment as a matter of law on the issues of patent invalidity and unenforceability. Kouvato filed a motion for a new trial. The district court denied Jore and Home Depot's motion for judgment as a matter of law and Kouvato's motion for a new trial. The court then awarded Home Depot its costs, but it denied costs to Jore because the court concluded that Jore was not a prevailing party. Kouvato appeals the determination of noninfringement. Jore cross-appeals the ruling that the patent is valid and enforceable and also challenges the district court's finding that the corporation is not a prevailing party for purposes of awarding costs.

During trial, Jore presented two pieces of prior art, which the company claimed rendered the '575 patent obvious. The first piece was a high speed, reduced-shank steel helical drill bit made by the Triumph Twist Drill Co. For purposes of its argument that the '575 patent would be obvious, Jore designated the Triumph bit as the "primary

reference" in the prior art, "the design characteristics of which are basically the same as the claimed design." In re Rosen, 673 F.2d 388, 391 (CCPA 1982). A piece of prior art cannot serve as the primary reference if major modification would be required to make the reference look like the claimed design. In re Harvey, 12 F.3d 1061, 1063 (Fed. Cir. 1993). An examination of the Triumph bit and Figure 2 of the '575 patent makes clear that the two bits are almost identical:



Figure 2 of the '575 design patent



Triumph prior art bit

The sole difference between the two bits is that the Triumph bit has a cylindrical shaft, whereas the '575 patent discloses a hexagonal shaft with a narrow groove at the end. Both parties apparently agree on that point, and therefore the Triumph bit may serve as the primary reference.

Once a primary reference is identified, the party asserting obviousness may then present a secondary reference in an effort to show that the primary and secondary prior art references make the claimed design obvious to one of skill in the art. In re Borden, 90 F.3d 1570, 1574 (Fed. Cir. 1996). For secondary references to be considered,

however, there must be some suggestion in the prior art to modify the basic design with features from the secondary references. L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1124 (Fed Cir. 1993). In this case, Jore argues that U.S. Patent No. 4,818,157 ("the '157 patent") teaches that a hexagonal shaft with a narrow groove at the end may be placed on the end of a drill bit or any other such tool that is driven by rotary power. Id. at col. 3, ll. 5-7, 15-20. Furthermore, Jore contends that Figure 1 and Figure 4 of the '157 patent depict a drill bit having a standard-sized hexagonal shaft with a narrow groove in the shaft:



Figure 1 and Figure 4 of the '157 patent

As Jore argues, the '157 patent clearly contemplates that any drill bit "or other such tool" can receive a standard-sized hexagonal shaft with narrow groove. Id. at col. 2, line 2; id. at col. 3, ll. 15-20. Therefore, the '157 patent itself contains an express motivation to combine the '157 patent with a design such as that disclosed in the Triumph drill bit.

Kouvato counters that combining the Triumph bit with the teaching of the '157 patent would not have rendered its patent obvious. Kouvato first argues that unlike the

04-1163,-1164                                             4

'575 patent, the '157 patent does not show a hexagonal shaft that is reduced in diameter compared to the helical "working portion" of the drill bit. For that reason, Kouvato contends that the '575 patent would not have been obvious in light of the '157 patent. That argument fails, however, because the Triumph drill bit itself contains a reduced shaft. Therefore, there is no need for the '157 patent to teach that feature as well.

In the alternative, Kouvato contends that even if the '157 patent and the Triumph bit teach a bit containing a reduced, hexagonal shaft, there is no indication in either piece of prior art of how to combine that shaft with the cylindrical working portion of the bit. Kouvato maintains that the manner in which the shaft joins the larger working portion is a design choice. Kouvato supports that argument with testimony from its expert, Professor Ralph Barnett, who stated that other prior art "taught away" from simply joining the shaft with the working portion to create a 90 degree transition between the two. Specifically, Professor Barnett stated that a particular bit sold by a company known as Insty Bit showed a transition from shaft to working portion that consisted of a "collar" that was thicker than either the shaft or the working portion of the bit. According to Professor Barnett, the Insty Bit collar therefore "taught away" from simply adjoining the hexagonal shaft with the working portion of the bit.

What a piece of prior art teaches is a question of fact. Tec Air, Inc. v. Denso Mfg. Mich. Inc., 192 F.3d 1353, 1359 (Fed. Cir. 1999). However, Professor Barnett's assertion that the Insty Bit design "taught away" from the '575 patent was based on a legal misconception. Simply because a piece of prior art contains a feature that is not present in the patent does not mean that the prior art teaches away from the patent.

<u>Para-Ordnance Mfg., Inc. v. SGS Imps. Int'l, Inc.</u>, 73 F.3d 1085, 1090 (Fed. Cir. 1995). A reference teaches away only when a person of ordinary skill, upon examining the reference, would be discouraged from following the path set out in the reference, or would be led in a direction different from the path that was taken by the applicant. <u>In re Gurley</u>, 27 F.3d 551, 553 (Fed. Cir. 1994).

Nothing in the evidence in this case suggests that the Insty Bit design would lead persons of skill in the art to join a smaller shaft and larger working portion of the bit only by using a collar. To the contrary, Professor Barnett admitted that there was an entire class of bits that did not use a collar as a transition between a smaller shaft and larger working portion. Furthermore, the president of Insty Bit testified at trial that other Insty Bit brand drill bits did not use a collar, and the evidence included many pieces of prior art, including the Triumph bit itself, that used a direct 90 degree transition between a smaller shaft and larger working portion. Most damaging of all, the inventor of the '575 patent admitted that the drill bit shown in the '157 patent would look like his claimed drill bit if the working portion of the drill bit in the '157 patent had a larger diameter.

In denying Jore's motion for judgment notwithstanding the verdict on the issue of invalidity, the district court relied on two pieces of evidence to uphold the jury's verdict of nonobviousness. The court relied on Professor Barnett's conclusion that the Insty Bit taught away from the patented design and that there was a long-felt need for the design. <u>See</u> <u>Graham v. John Deere Co.</u>, 383 U.S. 1 (1966). As we discussed above, the prior art did not actually teach away from the '575 patent. Moreover, the "long-felt need" to which the district court referred was based on the fact that, according to Professor Barnett, reduced hexagonal shafts had been "around forever" but the exact

configuration of the '575 patent was new. That testimony, however, does not demonstrate a long-felt need. If the fact of a new design in an old art field demonstrated a long-felt need for the new design, long-felt need would not be a meaningful indicator of nonobviousness but would merely be another way of saying that a particular design is novel.

Kouvato also introduced a press release that Jore had sent out regarding the accused device. The press release described the accused bit as being among its "exciting new products." Kouvato argues that the press release demonstrates that there was a long-felt need for the patented design. However, the fact that Jore touted the accused bit as one of its "new products" does not suggest that the design of the bit was novel, and it certainly does not prove that there was any long-felt need for the patented design.

There was no other evidence to indicate that the '575 patent would not have been obvious. On appeal, Kouvato suggests that Old Jore copied the '575 patent's design. There is no evidence in the record to support that allegation, however. The evidence presented at trial showed that Old Jore was designing and selling the accused drill bit at least five months before anyone at the company became aware of the '575 patent. In sum, Jore showed by clear and convincing evidence that the '575 patent would have been obvious, and that showing went unrebutted at trial. While we give considerable deference to a jury's factual findings, Markman v. Westview Instruments, Inc., 52 F.3d 967, 975 (Fed. Cir. 1995), we must still determine "if those findings support the legal conclusion drawn by the jury in reaching its verdict," Georgia-Pacific Corp. v. United States Gypsum Co., 195 F.3d 1322, 1329 (Fed. Cir. 1999). In this case, the

ultimate determination of obviousness is a question of law, which Jore proved by unrefuted clear and convincing evidence. <u>Golden Blount, Inc. v. Robert H. Peterson Co.</u>, 365 F.3d 1054, 1058 (Fed. Cir. 2004). Therefore, the district court should have granted Jore's motion for a judgment of invalidity notwithstanding the verdict.

In light of our determination that the '575 patent is invalid, it is unnecessary for us to address the questions of infringement or unenforceability. We therefore <u>affirm</u> the judgment of the district court, albeit on a different ground. However, because Jore is plainly a prevailing party, we <u>vacate</u> the district court's denial of an award of costs to Jore; on remand the trial court should revisit the question of costs.