# United States Court of Appeals for the Federal Circuit

---

**SPIGEN KOREA CO., LTD., A REPUBLIC OF KOREA CORPORATION,**
*Plaintiff-Appellant*

**v.**

**ULTRAPROOF, INC., A CALIFORNIA CORPORATION, ULTRAPROOF, INC., A NEVADA CORPORATION, ENDLISS TECHNOLOGY, INC., A CALIFORNIA CORPORATION,**
*Defendants-Cross-Appellants*

**DOES, 1 THROUGH 10, INCLUSIVE,**
*Defendant*

---

2019-1435, 2019-1717

---

Appeals from the United States District Court for the Central District of California in Nos. 2:16-cv-09185-DOC-DFM, 2:17-cv-01161-DOC-DFM, Judge David O. Carter.

---

Decided: April 17, 2020

---

JOSHUA DAVID CURRY, Lewis Brisbois Bisgaard & Smith LLP, Atlanta, GA, argued for plaintiff-appellant. Also represented by BRIAN G. ARNOLD, JOSEPHINE BROSAS, JEAN KIM, Los Angeles, CA.

BENJAMIN ADAM CAMPBELL, Bishop Diehl & Lee, Ltd., Schaumburg, IL, argued for defendants-cross-appellants. Also represented by EDWARD L. BISHOP, JAMES JAGODA.

---

Before NEWMAN, LOURIE, and REYNA, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* REYNA.

*Circuit Judge* LOURIE dissents.

REYNA, *Circuit Judge.*

Spigen Korea Co., Ltd., appeals the decision of the United States District Court for the Central District of California granting summary judgment of invalidity of three asserted design patents. Ultraproof, Inc., cross-appeals the district court's denial of its motion for attorneys' fees. Because the district court improperly resolved a genuine dispute of material fact at summary judgment, we reverse the district court's decision and remand for further proceedings. We dismiss the cross-appeal as moot.

BACKGROUND

Spigen Korea Co., Ltd., ("Spigen") owns U.S. Design Patent Nos. D771,607 ("the '607 patent"), D775,620 ("the '620 patent"), and D776,648 ("the '648 patent") (collectively the "Spigen Design Patents"), which each claim a case for a cellular phone. Figures 3–5 of the '607 patent are illustrative of the claimed design:



J.A. 88–90.

The '620 patent disclaims certain elements present in the '607 patent. Figures 3–5 of the '620 patent are illustrative of the claimed design[1]:



J.A. 99–101.

Lastly, the '648 patent disclaims most of the elements present in the '607 and '620 patents. Figures 3–5 of the '648 patent are illustrative of the claimed design[2]:



J.A. 110–12.

On February 13, 2017, Spigen sued Ultraproof, Inc., ("Ultraproof") for infringement of the Spigen Design Patents in the United States District Court for the Central

---

[1]    The design figures of the patent contain solid and broken lines. The broken lines depict features disclaimed from of the claimed design.

[2]    *See supra* note 1.

District of California.  Ultraproof filed a motion for summary judgment of invalidity of the Spigen Design Patents. Ultraproof argued that the Spigen Design Patents were obvious as a matter of law in view of a primary reference, U.S. Design Patent No. D729,218 ("the '218 patent"), and a secondary reference, U.S. Design Patent No. D772,209 ("the '209 patent").  Spigen opposed the motion, arguing that as a matter of law, the Spigen Design Patents were not rendered obvious by the '218 patent and the '209 patent.  Alternatively, Spigen argued, various underlying factual disputes precluded summary judgment.  The district court held as a matter of law that the Spigen Design Patents were obvious over the '218 patent and the '209 patent and granted summary judgment of invalidity in favor of Ultraproof.

Subsequently, Ultraproof moved for attorneys' fees pursuant to 35 U.S.C. § 285.  The district court denied the motion.  Spigen timely appeals the obviousness determination.  Ultraproof cross-appeals the denial of attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a grant of summary judgment under the law of the regional circuit, which in this case is the Ninth Circuit.  *See, e.g., Cheetah Omni LLC v. AT&T Servs., Inc.*, 949 F.3d 691, 693 (Fed. Cir. 2020).  The Ninth Circuit reviews a district court's grant of summary judgment de novo.  *See, e.g., L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020).  Summary judgment is appropriate when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In other words, summary judgment may only be granted when no "reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment of obviousness is appropriate if "the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors." *MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1331 (Fed. Cir. 2014) (citation and quotation marks omitted). Design patents are presumed valid and, thus, a moving party seeking to invalidate a design patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015).

I

Spigen raises several grounds for reversing the district court's grant of summary judgment. First, Spigen argues that there is a material factual dispute over whether the '218 patent is a proper primary reference that precludes summary judgment. We agree.

For design patents, the ultimate inquiry for obviousness "is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1380–81 (Fed. Cir. 2009) (quoting *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996)). This inquiry is a question of law based on underlying factual findings. *See, e.g.*, *MRC Innovations*, 747 F.3d at 1331. One underlying factual issue is whether a prior art design qualifies as a "primary reference." *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1311 (Fed. Cir. 2013) (explaining that a "finder of fact" must identify a primary reference); *see also Campbell Soup Co. v. Gamon Plus, Inc.*, 939 F.3d 1335, 1340 (Fed Cir. 2019) (same); *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1329 (Fed. Cir. 2012) (same).

A "primary reference" is "a single reference that creates 'basically the same' visual impression" as the claimed design. *High Point Design*, 730 F.3d at 1312 (quoting *Durling*, 101 F.3d at 103). To be "basically the same," the designs at issue cannot have "substantial differences in the[ir] overall visual appearance[s]." *Apple*, 678 F.3d at 1330. Additionally, if "major modifications" would be required to make a design look like the claimed design, then the two designs are not "basically the same." *In re Harvey*, 12 F.3d 1061, 1063 (Fed. Cir. 1993). "[S]light differences" in design, however, do not necessarily preclude a "basically the same" finding. *MRC Innovations,* 747 F.3d at 1333.

Although a "trial court judge may determine almost instinctively whether the two designs create basically the same visual impression," *Durling*, 101 F.3d at 103, a trial court is not free to find facts at the summary judgment phase. *Lemelson v. TRW, Inc.*, 760 F.2d 1254, 1260 (Fed. Cir. 1985) ("For summary judgment, fact-finding is an inappropriate exercise, at either the appellate or the district court level. If a dispute requiring a finding exists as to any material fact, summary judgment is improper."). Thus, if based on the evidence, a reasonable jury *could* find in favor of the non-moving party, a trial court must stay its hand and deny summary judgment of obviousness. *See High Point Design*, 730 F.3d at 1314–15 (reversing the district court's grant of summary judgment because "there appear to be genuine issues of material fact as to whether the Woolrich Prior Art are, in fact, proper primary references").

Here, the district court found that despite "slight differences," the '218 patent undisputedly was "basically the same" as the Spigen Design Patents, and, thus, a proper primary reference. J.A. 27. This determination was error because, based on the competing evidence before the district court, a reasonable factfinder could find otherwise.

Spigen's expert, Mr. Delman, testified that the Spigen Design Patents and the '218 patent are not "at all similar,

let alone 'basically the same.'" J.A. 4703 (quoting Delman Rebuttal Expert Report ¶176). He also testified that unlike the Spigen Design Patents, the '218 patent "'[has] unusually broad front and rear chamfers and side surfaces' and a 'substantially wider surface,' 'lack[s] any outer shell-like feature or parting lines,' lacks an aperture on its rear side, and '[has] small triangular elements illustrated on its chamfers.'" *Id.* The following side-by-side comparison of Spigen's '607 patent, representative of the Spigen Design Patents, and the '218 patent, displays these differences:



| Spigen's '607 Patent | Primary Reference '218 Patent |
|---|---|
| Fig. 1 (front) and Fig. 5 (back) | Fig. 1 (front) and Fig. 3 (back) |

J.A. 86, 90, 161, 163.

Spigen also argued before the district court that:

> [d]efendants have proposed so many modifications to the '218 Patent to make it look more like the Spigen patents (*e.g.*, add outer shell that wraps around back and side surfaces, add lateral parting lines, add large circular aperture to rear, shrink the side surfaces, shrink the chamfers, and remove ornamental triangular elements), that the '218 patent can no longer qualify as a primary reference.

J.A. 4704.

Ultraproof, contrastingly, argued below that the '218 patent was "'basically the same' as the claimed designs" because all of the designs had (1) a "generally rectangular appearance with rounded corners," (2) a "prominent rear chamfer and front chamfer," and (3) "elongated buttons corresponding to the location of the buttons of the underlying phone." J.A. 374–75. Ultraproof argued that the "only perceivable difference[s]" between the '218 patent and the Spigen Design Patents were the "circular cutout in the upper third of the back surface and the horizontal parting lines on the back and side surfaces." J.A. 375 (footnote omitted).[3]

In the light of the competing evidence in the record, a reasonable factfinder could conclude that the '218 patent and the Spigen Design Patents have substantial differences, and, thus, are not basically the same. *See* Fed. R. Civ. P. 56(c). Accordingly, the district court's grant of summary judgment of obviousness was in error and must be reversed. *See Durling*, 101 F.3d at 105 ("Without . . . a primary reference, it is improper to invalidate a design patent on grounds of obviousness."); *see also High Point*, 730 F.3d at 1314–15. We therefore need not address Spigen's

---

[3]    On appeal, Ultraproof argues that many of the differences between the Spigen Design Patents and the '218 patent are "largely differences of degree, not characteristic," and, thus, irrelevant to the "basically the same" inquiry. For example, Ultraproof asserts that the '218 patent's "bulkier appearance" is "a difference of degree (large vs small) as opposed to a difference in characteristics, such as [a] sunken screen." We reject this argument. No precedent makes such a distinction, and we decline to do so today.

alternative grounds for reversal.[4]  We now turn to Ultraproof's alternative grounds for affirmance.

## II

Ultraproof presents four alternative grounds for affirming if we determine the district court's obviousness analysis was flawed.  Three of these grounds—obviousness over the '209 patent as the primary reference and the '218 patent as the secondary reference; obviousness over various combinations of other prior art; and inequitable conduct—were not decided by the district court.  We therefore decline to decide these issues in the first instance.  *See TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1339 (Fed. Cir. 2010) ("Because, as a general matter, a federal appellate court does not consider an issue not passed upon below, . . . we decline to address these arguments in the first instance and refer them to the district court for consideration on remand." (citation and quotation marks omitted)).  The district court is free to consider these grounds on remand.

As to the fourth ground, Ultraproof argues that we must affirm because the Spigen Design Patents' claimed designs were described in a printed publication before their effective filing date and are thus precluded from patent protection under 35 U.S.C § 102(a).  Ultraproof cites to two copyright registrations for support.  The district court,

---

[4]    Spigen's alternative grounds for reversal are that the district court erred by determining that the '209 patent was an appropriate secondary reference and that Ultraproof's hypothetical combination of the '218 patent and the '209 patent rendered obvious the Spigen Design Patents.  Spigen also asserts that even if Ultraproof had made a prima facie case of obviousness, secondary considerations of non-obviousness present a genuine dispute of material fact, precluding summary judgment.

however, determined that a genuine dispute of material fact exists regarding the publication date of the copyright registration certificates. The district court thus denied this ground of invalidity at the summary judgment phase. We agree with the district court and thus reject this alternative ground.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. We determine that a genuine dispute of material fact exists as to whether the '218 patent is basically the same as the Spigen Design Patents and hence, a proper primary reference. We thus reverse the district court's grant of summary judgment of invalidity and remand for further proceedings. Because we remand for further proceedings, Ultraproof is no longer the prevailing party. We thus dismiss Ultraproof's cross-appeal of the district court's denial of attorneys' fees as moot. *Circuit Judge* Lourie dissents.

## **REVERSED AND REMANDED**

### COSTS

No Costs.