NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PI ADVANCED MATERIALS CO., LTD., FKA SKC KOLON PI, INC.,**
*Plaintiff-Appellee*

**v.**

**KANEKA CORPORATION,**
*Defendant-Appellant*

---

2019-2214

---

Appeal from the United States District Court for the Central District of California in No. 2:16-cv-05948-AG-MAA, Judge Andrew J. Guilford.

---

Decided:  March 16, 2021

---

JENNIFER L. SWIZE, Jones Day, Washington, DC, argued for plaintiff-appellee.  Also represented by JIHONG LOU; THOMAS KOGLMAN, Cleveland, OH; STEVEN J. CORR, Los Angeles, CA; YEAH-SIL MOON, New York, NY; SEAN CHRISTIAN PLATT, San Diego, CA; MATTHEW J. SILVEIRA, San Francisco, CA.

ANTHONY J. DAIN, Procopio, Cory, Hargreaves & Savitch LLP, San Diego, CA, argued for defendant-appellant.

Also represented by RAYMOND K. CHAN, DAVE DEONARINE, FREDERICK K. TAYLOR.

————————————

Before PROST, *Chief Judge*, BRYSON and WALLACH, *Circuit Judges.*

PROST, *Chief Judge.*

PI Advanced Materials Co., Ltd., formerly known as SKC Kolon PI, Inc. ("SKPI") filed a declaratory judgment action against Kaneka Corp. ("Kaneka") in the United States District Court for the Central District of California seeking a declaration of non-infringement of Kaneka's U.S. Patent No. 7,691,961 ("the '961 patent"). Kaneka counterclaimed for induced infringement of the '961 patent and U.S. Patent Nos. 9,441,082 ("the '082 patent") and 6,264,866 ("the '866 patent").

The district court granted summary judgment of non-infringement. For the SKPI products at issue on appeal, the district court concluded that no reasonable jury could find that they were imported into the United States, which meant that Kaneka could not prove the underlying direct infringement essential to its inducement claims. Kaneka appeals. We affirm.

BACKGROUND

I

Kaneka and SKPI are competitors in the manufacture and sale of polyimide film, which is used in mobile phones. The film is incorporated into mobile phones through a multitiered supply chain. First, a polyimide film manufacturer, such as Kaneka or SKPI, makes the film and sells it to a laminate manufacturer. Second, the laminate manufacturer laminates the film to form flexible copper clad laminates ("FCCLs") and sells those to a circuit board manufacturer. Third, the circuit board manufacturer uses the FCCLs to make flexible printed circuit boards ("FPCs")

and sells those to a module maker.[1]  Fourth, the module maker incorporates the FPCs into modules (i.e., components of a mobile phone, such as a display or camera) and sells the modules to a set manufacturer.  Fifth, and finally, the set manufacturer (e.g., Apple or Samsung Electronics) incorporates the modules into mobile phones.

Kaneka and SKPI have litigated before.  In *Kaneka Corp. v. SKC Kolon PI, Inc.*, No. 2:11-cv-03397 (C.D. Cal.) ("the 3397 case"), Kaneka alleged that SKPI induced infringement of the '961 patent (among others) in the form of U.S. importation of certain accused SKPI films—in particular, certain film types bearing prefixes "IF," "LN," and "LV" (collectively, "the older films").  In that case, Kaneka relied on its expert Mr. Napper to trace the amount of square meters of the older films that was reasonably likely to have progressed through each stage of the supply chain. In November 2015, a jury found that SKPI induced infringement of the '961 patent as to the older films.

Following the jury verdict, in January 2016, SKPI announced to its customers that "through its continued R&D efforts, [it] ha[d] developed more efficient and stable manufacturing processes . . . to provide polyimide films with improved film properties and cost savings to its customers."  J.A. 16199.  SKPI also informed its customers that "[w]ith this change, . . . the existing product types IF and LN, and LV will be supplied as types GF and GV respectively which are the new integrated nomenclatures." J.A. 16199.

## II

SKPI filed the present action in August 2016, seeking a declaratory judgment that its alleged redesigned films do

---

[1]    Laminate manufacturers (i.e., entities in the second step of the supply chain) may also use polyimide film to produce coverlay, which is used to protect FPCs.

not practice the claims of the '961 patent and that its actions relating to those films do not infringe the patent. Kaneka counterclaimed for induced infringement of the '961, '082, and '866 patents. Kaneka's infringement allegations concerned ten SKPI film types relevant here: GF030 (7.5 μm), GF040 (10 μm), GF050 (12.5 μm), GF100 (25 μm), GF200 (50 μm), GF300 (75 μm), GV050 (12.5 μm), GV100 (25 μm), GV200 (50 μm), and GV300 (75 μm) (collectively, "the accused films").[2] It is undisputed that SKPI did not begin making and selling the accused films before January 2016.

Following fact and expert discovery, SKPI moved for summary judgment of non-infringement. SKPI argued that Kaneka could not prove the direct infringement required for its inducement claim because it lacked evidence that the accused films were imported into the United States. After holding two hearings on the summary-judgment motion, as well as entertaining a supplemental brief from Kaneka (and a response from SKPI), the district court issued a thorough order granting summary judgment for SKPI.

As to the accused films generally, the district court began by observing that Kaneka lacked any direct evidence of importation; rather, it presented only circumstantial evidence about the supply chain from SKPI's manufacture of the films to the mobile phones that are ultimately imported into the United States. The court also contrasted the evidence of importation in this case with that presented in the 3397 case. It noted that, unlike the 3397 case, where Mr. Napper's expert report contained "some significant

---

[2] Although Kaneka accused additional film types as infringing, the district court granted summary judgment for SKPI as to these types (albeit on different grounds), J.A. 21308–09, and Kaneka has not appealed the summary judgment as to these types.

analysis" tracing the amount of square meters of the film at issue that was reasonably likely to have progressed through each stage of the supply chain, "neither [Mr.] Napper nor Kaneka's infringement expert . . . present[s] a comparable analysis." J.A. 21310. Indeed, the court noted that Kaneka's infringement expert report did "not address the issue of whether the accused films are imported into the United States at all." J.A. 21310.

The court then analyzed the evidence Kaneka did put forth. Although Kaneka emphasized SKPI's relationship with two large Korean FCCL manufacturers, the court observed that Kaneka lacked evidence about what happens to the accused films next—including whether the FPC and module makers use other film or other FCCL manufacturers (including from outside Korea), or whether there was a specific thought process relating to what mobile phones with what materials from certain suppliers would be sold where. The court also noted that Kaneka's estimates of SKPI's market share and other general statistics were "overwhelmingly based" on evidence that pre-dated when SKPI actually began making and selling the accused films. *See* J.A. 21313. After carefully considering Kaneka's evidence, the court deemed it insufficient to raise a question of material fact to support Kaneka's inducement claims. J.A. 21316.

The court further considered Kaneka's argument that, for two accused film types in particular—the GF050 (12.5 µm) and GF100 (25 µm)—SKPI was the exclusive supplier of film for certain types of mobile phones sold in the United States. But the court determined that this argument rested on inadmissible hearsay testimony. J.A. 21316. It ultimately concluded that, "[a]s with the other general evidence Kaneka submit[ted], [Kaneka] has not provided enough to support an induced infringement claim for these two films." J.A. 21316–17.

The district court entered judgment for SKPI. Kaneka timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a grant of summary judgment under the law of the regional circuit—here, the Ninth Circuit, which reviews such grants de novo. *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1382–83 (Fed. Cir. 2020) (first citing *Cheetah Omni LLC v. AT&T Servs., Inc.*, 949 F.3d 691, 693 (Fed. Cir. 2020); and then citing *L. F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020)). Summary judgment is appropriate if after viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, no genuine issue of material fact exists. *Pauma Band of Luiseno Mission Indians of the Pauma & Yuima Rsrv. v. California*, 973 F.3d 953, 961 (9th Cir. 2020). A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

We first address Kaneka's arguments as to importation of the accused films generally, then its exclusive-supplier arguments as to the GF050 (12.5 μm) and GF100 (25 μm) films specifically.

I

Kaneka's importation case for the accused films largely rests on the evidence and findings from the 3397 case. Kaneka begins by arguing that the accused films are "the same" as the older films found to infringe in the 3397 case. *See* Appellant's Br. 18–23. We agree with the district court, however, that Kaneka has not put forth sufficient evidence to create a triable issue of fact as to the accused films being "the same" as the older film, different in name only. J.A. 21315.

For example, Kaneka says that its infringement expert tested the accused films and determined that they "continue[] to infringe . . . just as [the older films] did." Appellant's Br. 20. To the extent that this phrasing suggests that Kaneka's infringement expert compared the two sets of film to one another, that is not so. The cited portion of Kaneka's infringement expert report says nothing of any actual comparison, and indeed, as SKPI notes, Kaneka's infringement expert did not compare the accused films to the older films at all. *See* J.A. 21315 (district court likewise observing that Kaneka did not "present an expert opinion . . . that the old and [accused] films are, indeed, the same films").

In its reply brief, Kaneka says that whether the older films are identical to the accused films is a "red herring"; it focuses more on whether the films are the same with respect to the manner in which they are distributed. Reply Br. 11; *see id.* at 12 ("[T]he evidence shows that the [a]ccused [f]ilms replaced the [older films] to the same customers in the same supply chain."). As to the accused films' distribution, Kaneka again relies on the supply chain it established in the 3397 case for the older films. Yet, as the district court noted (and as Kaneka does not dispute), Kaneka presented no comparable expert analysis of the supply chain in *this* case. And having examined the evidence Kaneka has put forth, we reach the same conclusion as the district court: Kaneka's evidence lacks necessary information about what happens in the downstream supply-chain stages, or is otherwise stale—dating from a time (often years) before the accused films came to market. *See* J.A. 21312–16. Even viewing the evidence in the light most favorable to Kaneka and drawing all reasonable inferences in its favor, we agree that Kaneka has not provided sufficient evidence to create a triable issue of fact as to U.S. importation of the accused films generally.

II

Kaneka also contends that SKPI is the exclusive film supplier for certain types of mobile phones sold in the United States. This argument is relevant to SKPI's GF050 (12.5 µm) and GF100 (25 µm) accused films in particular. Specifically, Kaneka argues that (1) SKPI supplies 100% of the polyimide film that module maker Samsung Display Company ("SDC") uses for coverlay in its OLED displays (for ultimate use in certain Apple and Samsung Electronics mobile phones); (2) the GF050 (12.5 µm) and GF100 (25 µm) films were used for that purpose; and (3) SDC is the sole supplier of OLED displays for these particular Apple and Samsung Electronics mobile phones, which are types sold in the United States.

Kaneka supports this argument with testimony from one of its employees, Mr. Tsuji. Mr. Tsuji testified that "SKPI is the only company SDC certifies and uses" for polyimide film for its OLED displays. J.A. 16857–58. According to Mr. Tsuji, the source of his understanding in this regard came from people at other companies. *See* J.A. 19503–06. Before the district court, SKPI argued that this testimony from Mr. Tsuji was inadmissible hearsay. The district court agreed; it rejected Kaneka's exclusive-supplier argument as based on "inadmissible hearsay testimony" as well as other evidence that did not support SKPI's alleged exclusivity. J.A. 21316–17. We see no abuse of discretion or other error in the district court's characterization of this testimony as inadmissible hearsay. *See Block v. City of Los Angeles*, 253 F.3d 410, 416 (9th Cir. 2001) ("Evidentiary decisions made in the context of summary judgment motions are reviewed for an abuse of discretion.").

On appeal, Kaneka advances arguments for why Mr. Tsuji's testimony as to SKPI's exclusivity is not hearsay. For example, it argues that Mr. Tsuji's testimony is not hearsay because it constitutes a businessman's

assessment, acquired through "perceptions based on industry experience." Reply Br. 23 (first citing *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989); and then quoting *Burlington N. R.R. Co. v. Nebraska*, 802 F.2d 994, 1004–05 (8th Cir. 1986)); *see also* Appellant's Br. 42–43. SKPI responds that Kaneka waived (or rather, forfeited) these arguments by not raising or developing them below. We agree with SKPI.

The history of the summary-judgment proceedings is illuminating here. SKPI argued—in both its motion for summary judgment and its reply in support thereof—that Kaneka's exclusive-supplier argument rested on Mr. Tsuji's hearsay discussions with others. J.A. 8019–20; J.A. 12670–72 & n.6 ("Kaneka cannot cure the hearsay nature of these conversations merely by naming the employers of the third parties with whom [Mr. Tsuji] spoke, even if those employers are alleged Kaneka customers."). On the day of the first hearing, the district court issued a tentative order expressing concern with the evidentiary foundation for the fact of SKPI's exclusive-supplier status. J.A. 19683–85. This issue was discussed at that hearing. J.A. 19738–39. The court then let Kaneka file supplemental papers. Kaneka's supplemental brief dedicated two sentences to its exclusive-supplier argument, followed by a string citation consisting mostly of portions of Mr. Tsuji's deposition testimony, J.A. 20066—all of which SKPI had already challenged as hearsay. SKPI's response to Kaneka's supplemental brief again argued that Kaneka's cited deposition testimony was hearsay. J.A. 20170–71, 20192–93. And then, at the second hearing, "[t]he parties did not further address the concerns regarding the evidence relating to these two films." J.A. 21316. At no point in Kaneka's multiple filings or the multiple hearings did Kaneka raise or develop the arguments it makes here as to why Mr. Tsuji's testimony was not hearsay. We therefore deem those arguments forfeited. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009)

(noting that "[i]f a party fails to raise an argument before the trial court, or presents only a skeletal or undeveloped argument to the trial court, we may deem that argument waived on appeal").

Kaneka also develops its exclusive-supplier argument in a different way. Kaneka argues that (1) it and SKPI are effectively a Korean duopoly in terms of polyimide film used for coverlay; (2) SDC sources its polyimide film used for coverlay only from Korea; and (3) SDC has certified only SKPI for polyimide film used for coverlay, which Kaneka deduces because it has been unable to secure certification for itself. SKPI again argues that Kaneka forfeited this argument by not raising or developing it before the district court. Again, we agree. Even if we were to set aside that this argument relies on testimony from Mr. Tsuji that SKPI argued was hearsay (an issue discussed above),[3] Kaneka's filings failed to adequately develop this argument to the district court. We therefore deem it forfeited. *See Fresenius*, 582 F.3d at 1296.

## CONCLUSION

We have considered Kaneka's other arguments and find them unpersuasive. For the foregoing reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED**

---

[3]    *Compare* Appellant's Br. 39–40 (collecting citations to portions of Mr. Tsuji's deposition testimony), *with* J.A. 12670, *and* J.A. 20192–93.