NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**ASCION, LLC, DBA REVERIE,**
*Plaintiff-Appellant*

**v.**

**ASHLEY FURNITURE INDUSTRIES, INC.,**
*Defendant*

_____

2021-1857

_____

Appeal from the United States District Court for the Western District of Wisconsin in No. 3:19-cv-00856-jdp, Judge James D. Peterson.

_____

Decided: April 22, 2022

_____

MATTHEW CHRISTIAN HOLOHAN, Sheridan Ross P.C., Denver, CO, argued for plaintiff-appellant. Also represented by ROBERT R. BRUNELLI; BRIAN G. GILPIN, Godfrey & Kahn, S.C., Milwaukee, WI; JENNIFER GREGOR, Madison, WI.

_____

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Ascion, LLC, dba Reverie appeals from the Western District of Wisconsin's summary judgment decision determining that U.S. Patent No. 9,451,833 is invalid for lack of adequate written description. Because we conclude that a genuine issue of material fact exists, we vacate and remand for further proceedings.

I

Ascion owns the '833 patent, which is directed to a customizable mattress support system that includes a frame and modular legs. The modular legs come in pieces of different lengths that can be used singularly or stacked and threaded together to support the frame at different heights. The limitation at issue in this appeal involves the "substantially horizontal bottom surface" of one of those leg pieces, a "leg member." '833 patent, 62:62–63:3. A portion of Claim 1 is illustrative:

> a first leg member having a body portion with an outer surface, a top end and an opposite bottom end, the top end having a top surface and the bottom end having a *substantially horizontal bottom surface*, the outer surface extending beyond the top surface and having a top edge such that the top surface is recessed relative to the top edge, body portion having a first top-to-bottom length defined between the top edge and bottom surface;

*Id.* (emphasis added).

In October 2019, Ascion filed this patent infringement suit against Ashley Furniture Industries, Inc., and Ashley filed a declaratory judgment invalidity counterclaim in response. Ascion eventually conceded that Ashley's Good model bed, the only accused product at the time, did not infringe the '833 patent. Ascion entered a covenant not to sue Ashley on that model and moved to dismiss Ashley's declaratory judgment counterclaim. The district court denied that motion, finding that it still had jurisdiction over

Ashley's counterclaim because Ascion could still accuse (and had attempted to accuse) other Ashley bed models.

Ashley moved for summary judgment on its invalidity counterclaim. The district court granted Ashley's motion, finding that the claim limitation requiring a leg member to have a "substantially horizontal bottom surface" lacked adequate written description support. Ascion appeals. Ashley has notified this court that Ashley and Ascion have reached a settlement agreement. Pursuant to that agreement, Ashley agreed not to file an Appellee's Brief in this appeal, and so we proceed solely on Ascion's brief and oral argument. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We review the grant of summary judgment under the law of the regional circuit. *Ineos USA LLC v. Berry Plastics Corp.*, 783 F.3d 865, 868 (Fed. Cir. 2015). The Seventh Circuit reviews a district court's grant of summary judgment de novo. *James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A patent's written description is sufficient if "the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). This inquiry is a question of fact that "will necessarily vary depending on the context," including "the nature and scope of the claims and . . . the complexity and predictability of the relevant technology." *Id.*

## III

At the summary judgment stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine

4          ASCION, LLC v. ASHLEY FURNITURE INDUSTRIES, INC.

issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Fact-finding at such time "is an inappropriate exercise, at either the appellate or the district court level." *Lemelson v. TRW, Inc.*, 760 F.2d 1254, 1260 (Fed. Cir. 1985). Thus, if a reasonable factfinder "could find in favor of the non-moving party, a trial court must stay its hand and deny summary judgment." *Spigen Korea Co., Ltd. v. Ultraproof, Inc.*, 955 F.3d 1379, 1384 (Fed. Cir. 2020).

Ascion argues that the district court erred by resolving an issue of fact genuinely in dispute: whether the '833 patent's disclosure "clearly allows persons of ordinary skill in the art to recognize that the inventor invented" a leg member with a substantially horizontal bottom surface. *Inphi Corp. v. Netlist, Inc.*, 805 F.3d 1350, 1355 (2015) (cleaned up). We agree.

The district court examined the '833 patent's specification, including the three figures depicting the modular legs, reproduced below:



FIG. 58A          FIG. 58B          FIG. 58C

It noted that "[t]he bottom surface of the leg members is not discussed at all in the 12 lines of the specification devoted to the leg assembly." J.A. 10; *see* '833 patent, 57:25–

37. "And the bottoms cannot be seen" in the figures depicting the leg assemblies. J.A. 10. The district court concluded that "[t]he specification simply does not provide any information about the configuration of the bottom of the leg assembly members." J.A. 11–12. Ascion argues that other factual inferences could be drawn from the specification; namely, a skilled artisan "would have looked at the top surfaces [of the leg assemblies] and understood that the joined bottom surfaces were of a particular 'substantially horizontal' structure that matched the top surfaces." Appellant's Br. 17.

Written description is a question of fact, and while it may be "amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party," *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008), we conclude that this is not the case here. In the "fairly predictable field" of mechanical inventions, *Bilstad v. Wakalopulos*, 386 F.3d 1116, 1126 (Fed. Cir. 2004), where "a lower level of detail is required to satisfy the written description requirement than for unpredictable arts," *Hologic, Inc. v. Smith & Nephew, Inc.*, 884 F.3d 1357, 1361 (Fed. Cir. 2018), a reasonable factfinder could conceivably find that a skilled artisan would understand that the specification discloses leg members with substantially horizontal bottom surfaces. Accordingly, a genuine issue of material fact—whether the specification discloses those bottom surfaces—remains. We vacate the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

## VACATED AND REMANDED

### COSTS

No costs.